Argued September 21, affirmed October 15, 1970

# MAJORS, *Appellant, v.* STATE ACCIDENT INSURANCE FUND, *Respondent.*

475 P2d 437

*Gary R. Ackley,* Cottage Grove, argued the cause for appellant. With him on the brief were Lombard, Williams & Ackley, Cottage Grove.

*Al J. Laue*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This is a workmen's compensation case. The workman, a powder man and jackhammer operator, while employed as such, suffered a disabling stroke involving a blockage of the stenotic right carotid artery. His claim was denied by the State Compensation Department. He requested and received a hearing. The hearing officer and, in turn, the Workmen's Compensation Board denied his claim on the basis he had failed to establish a causal connection between his work activities and the stroke he suffered. He appealed to the circuit court and before the matter was heard claimant died on June 25, 1969. The administratrix of his estate then moved to be substituted as a party "to recover benefits to which the deceased may have been entitled prior to his death." The circuit court denied the motion. It is to be noted that the claim before us is not for death benefits to the widow or children as provided for in ORS 656.208,① but rather refers only

---

① ORS 656.208:

"(1) If the injured workman dies during the period of permanent total disability, whatever the cause of death, leaving:

"(a) A widow who was his wife either at the time of the injury causing the disability or within two years thereafter;
"* * * * *

"(c) Any children under the age of 18 years,
"the surviving widow * * * shall receive $110 per month until death or remarriage, to be increased $40 a month for each child until it reaches the age of 18 years.
"* * * * *."

to the benefits which might have accrued to the workman prior to his death.

■ The Workmen's Compensation Act determines whether and for whom a claim for compensation benefits survives the death of the workman. *Fertig v. Compensation Department*, 254 Or 136, 455 P2d 180, 458 P2d 444 (1969). *Fertig* held that the right of the workman to benefits for permanent partial disability did not survive in favor of his estate unless an order awarding such benefits had been made prior to his death. The court's holding was in conformity with ORS 656.218,[2] which provides for survival of payments to the workman's estate if he was "receiving monthly payments on account of permanent partial disability" at the time of his death.

■ In the present case the workman claimed that he sustained an accidental injury while employed in covered employment, and that as a result of such injury he was permanently and totally disabled or, alternatively, permanently partially disabled. Even assuming that there was causal connection between his work

---

[2] ORS 656.218:

"(1) In case of the death of a workman receiving monthly payments on account of permanent partial disability, such payments shall continue for the period during which the workman, if surviving, would have been entitled thereto.

"(2) The payments shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204.

"(3) This section does not entitle any person to double payments on account of the death of a workman and a continuation of payments for permanent partial disability, or to a greater sum in the aggregate than if the injury had been fatal."

activities and his disability, which is contrary to the determinations of the State Compensation Department, hearing officer and Workmen's Compensation Board, there is no statutory provision whatever for beginning or continuing permanent total disability payments after the death of the workman, and *Fertig* denies survival of any permanent partial disability payments not ordered prior to his death.

Affirmed.