Argued March 29, affirmed April 27, petition for rehearing
denied May 9, petition for review denied
June 20, 1972

MARSHALL ET AL, *Appellants, v.* STATE
ACCIDENT INSURANCE FUND, *Respondent.*

496 P2d 228

*Raymond J. Conboy,* Portland, argued the cause for appellants. With him on the brief were Dan O'Leary, and Pozzi, Wilson & Atchison, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

The beneficiaries of Cecil P. Marshall, deceased, appeal from the dismissal of a claim for increased permanent partial disability payment of workmen's compensation for Marshall. He received an eye injury while working as an inmate of Oregon State Penitentiary. After his release from the penitentiary, pursuant to ORS 655.505 through ORS 655.520, he was awarded 60 per cent loss of vision of the eye as permanent partial disability. He requested a hearing, contending he was entitled to a greater award. While this request was pending Marshall was killed in an incident unrelated to employment.

His beneficiaries contend the claimant's right to seek to increase the award in appellate procedure survived and they may press it.

In *Fertig v. Compensation Department,* 254 Or 136, 455 P2d 180, 458 P2d 444 (1969), where claimant died of an unrelated cause *before any award* of permanent partial disability had been made on his claim therefor, the Oregon Supreme Court, after construing ORS 656.208 and ORS 656.218 and considering *Mikolich v. State Ind. Acc. Com.,* 212 Or 36, 316 P2d

812, 318 P2d 274 (1957), held that claims for permanent partial disability do not survive the claimant's death.[①] Claimants assert that *Fertig* is inapplicable in the case at bar because an award had been made to Marshall before death—the contest here is the amount thereof.

We construed ORS 656.218 (1) and the application of *Fertig* in *Majors v. State Acc. Ins. Fund,* 3 Or App 505, 508, 475 P2d 437 (1970), saying:

> "* * * *Fertig* denies survival of any permanent partial disability payments not ordered prior to death."

That statement is dictum in the context of this case, but we consider it to be logical and applicable here. We view the court's opinion in *Fertig* as holding that the status of permanent partial disability claims becomes fixed as it is at the time of claimant's death.

Affirmed.

---

[①] ORS 656.218 (1) provides:

"(1) In case of the death of a workman *receiving monthly payments* on account of permanent partial disability, *such payments shall continue* for the period during which the workman, if surviving, would have been entitled thereto. (Emphasis supplied.)