Argued April 8, reversed May 28, petition for rehearing
denied September 10, 1969

FERTIG, *Respondent, v.* STATE COM-
PENSATION DEPARTMENT,
*Appellant.*

455 P2d 180
458 P2d 444

*Evohl F. Malagon,* Assistant Attorney General,
Salem, argued the cause for appellant. With him on

the briefs were Robert Y. Thornton, Attorney General, Wallace Carpenter, Assistant Attorney General and Chief Counsel, and John R. McCulloch, Jr., Assistant Attorney General, Salem.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison and Donald R. Wilson, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

DENECKE, J.

The question in this appeal is whether a widow can secure permanent partial disability workmen's compensation benefits because of an industrial injury to her husband who later died from nonindustrial causes before the board or department made an order determining the extent of his permanent partial disability.

The workman was injured in June 1965 and for three months was paid temporary total disability benefits. The workman's physician examined him in October 1966 and testified that the workman had an unscheduled permanent partial disability equivalent to 50 per cent loss of an arm. No award was made. The workman died in February 1967 and shortly thereafter the Compensation Department closed the claim with no award. The plaintiff widow appealed under the old procedure and a jury found that the workman had a permanent partial disability equivalent to 45 per cent loss of function of an arm. The circuit court entered judgment upon the verdict and the department appeals.

The problem is one of statutory construction. The Workmen's Compensation Act determines whether a

claim for compensation benefits survives and for whom.[1]

Apparently, none of the benefits of the Oregon Compensation Act survived until Oregon Laws 1933, ch 128, was enacted. Section 4 of that Act (now ORS 656.208), provided: "If the injured workman dies *during such period of permanent total disability,* whatever the cause of death, leaving a widow, invalid widower, or child under the age of 18 years, the surviving widow \* \* \* shall receive thirty dollars ($30) per month until death or remarriage, to be increased eight dollars ($8) a month for each child under the age of 18 years \* \* \*." (Emphasis added.)

Section 8 of that Act (now ORS 656.218), provided: "In case of the death of a workman *receiving monthly payments on account of permanent partial disability,* such payments shall continue for the period during which said workman, if surviving, would have been entitled thereto, and such payments shall be made to the person or persons who would have been entitled to receive death benefits if the injury causing. such disability had been fatal \* \* \*."[2] (Emphasis added.)

In *Mikolich v. State Ind. Acc. Com.,* 212 Or 36, 316 P2d 812, 318 P2d 274 (1957), we construed the statute that concerned permanent total diasibility benefits. The Industrial Accident Commission's contention in that case was that a widow was not entitled

---

[1] "If the injured employee dies before a formal award has been made, the impact of this fact may vary considerably between jurisdictions as a result of the many statutory and other variables affecting the result. \* \* \*" 2 Larson, Workmen's Compensation Law, 88.98, § 58.40 (1968).

[2] The Oregon Compensation Act provides that permanent partial disability awards are paid monthly. ORS 656.210, 656.216. The greater the degree of permanent partial disability the longer the monthly payments continue. ORS 656.214.

to the permanent total disability benefits due the workman "unless the commission, during the workman's lifetime, entered an order which adjudged him permanently totally disabled." 212 Or at 43. We held against the commission, stating:

"* * * If a workman's injury cost him his eyesight or both feet, but the commission failed to enter an order that he was permanently totally disabled, surely no one would deny the widow the benefit of ORS 656.208. Accordingly, the statute contains no demand that the widow should be able to point to a finding made by the commission prior to the workman's death which established his permanent total disablement * * *." 212 Or at 56.

The plaintiff contends that the same reasoning and result should be reached in this case, i.e., if the workman in fact had a permanent partial disability at his death, benefits are payable to his dependent; it is immaterial that a formal award has not been made. Although a difference in the language of the two statutes is acknowledged, plaintiff urges that the legislature intended the same result.

The difference in the language of the two statutes is difficult to ignore because both originated in the same act. Normally, if the same consequences are intended, the same language is used. The literal meaning of the statute concerning the survivorship of permanent partial disability benefits is that when the workman died he was already receiving such benefits. This necessarily presupposes that an order awarding the workman such benefits already had been made.

The case law of other jurisdictions is not of great assistance because of the difference in the wording in the statutes. *Cureton v. Joma Plumbing & Heating Co.*, 38 NJ 326, 184 A2d 644 (1962), is most help-

ful for the plaintiff's cause. NJSA 34:15-12(e) provides: "In case of the death of the person from any cause other than the accident or occupational disease, *during the period of payments for permanent injury,* the remaining payments shall be paid to such of his or her dependents * * *." (Emphasis added.) The court rejected the argument that the statute was inapplicable because no payments were being made, stating:

> "The fact that the workman had neither received the compensation payments to which he was entitled during his lifetime, nor even had an award entered in his favor, does not alter this result. The law regards done what ought to be done, and will not permit those who are obligated and should have paid the compensation to obtain advantage of the fortuitous circumstance of the workman's death. * * *" 38 NJ at 336.

The applicability of that decision is lessened because there one statute provided for the survivorship of the right to payments for permanent total disability as well as for permanent partial disability, whereas the Oregon law has separate statutes with different language for the two types of benefits.

There are a number of compensation laws that specifically provide, or have been interpreted to provide, that a right to benefits does not survive unless a final award of benefits to the workman was made prior to his death. For example, Ill Rev Stat 1945, ch 48, § 145(e) 19, p 1648 provides:

> "In a case of specific loss [permanent partial disability] under the provisions of this paragraph and the amount of which loss has been determined under the provisions of this Act, and the subsequent death of such injured employee from other causes than such injury, leaving a widow * * *

in that event the balance remaining due for such injury shall be payable to such dependents * * *."

In *Neumann v. Industrial Commission,* 396 Ill 224, 71 NE2d 168 (1947), an arbitrator's award of permanent partial disability was submitted to the commission; however, the employer asked for a hearing before the commission. Before the hearing could be held the workman died. The court held that the right to benefits did not survive because at the workman's death "the amount of * * * [the] loss * * * [had not] been determined."

In *Moore v. Chrysler Corp.,* 233 A2d53 (Del 1967), 19 Del C § 2332 was construed. It provided: "Compensation agreed upon or awarded to an injured employee who has died * * * shall be paid to his nearest dependent." The court held that the right to benefits did not survive when no award had been made at the time of the workman's death.

These statutes and decisions are cited to illustrate that some states condition the survivorship of workmen's compensation upon an award being made before the workman's death and others do not. The Oregon Legislature had precedent from other states to condition the survivorship of both permanent total and permanent partial disability benefits upon the making of an award to the workman or to not require an award as a condition for either, or to not require an award as a condition for one and to require an award as a condition for the other. The most reasonable explanation for the difference in the language of the two sections of the same statutes and the use of the phrase "in the case of the death of a workman receiving monthly payments" is that the legislature intended to provide different conditions for the sur-

vival of the different benefits and conditioned the survival of the right to permanent partial disability benefits upon the workman already receiving such benefits at the time of death.

We conclude that the right to permanent partial disability benefits does not survive without at least an award of such benefits being made.

Reversed.

O'CONNELL, J., dissenting.

According to the majority opinion if a workman loses both hands, thus suffering permanent total disability, and dies before an award is made his widow is entitled to benefits under the Workmen's Compensation Act but if a workman loses one hand, thus suffering permanent partial disability, and dies before the award is made his widow gets nothing.

There would appear to be no reason for the legislature to make a distinction between these two types of cases. The majority opinion does not offer any reason other than the difference in the wording of ORS 656.208 and ORS 656.218. It is reasoned that since ORS 656.218 expressly refers to a workman "receiving monthly payments" and provides for the continuance of such payments this necessarily presupposes that an award had already been made. In the usual case the award will have been made before the workman's death and he will, therefore, be "receiving monthly payments." Since this is so, it is very likely that the draftsman of the section was simply reciting the normal case when the section would be operative. I do not regard the language as an expression of a legislative intent to exclude cases in which the workman was not receiving payments before his death. ORS 656.218 can be interpreted as if it read, "In case

of the death of a workman *entitled* to receive monthly payments" etc. I would so interpret the statute and affirm the trial court.

## ON PETITION FOR REHEARING

Pozzi, Wilson & Atchison, Donald R. Wilson and Raymond J. Conboy, Portland, filed a brief in support of the petition.

No appearance contra.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

Plaintiff petitioned for rehearing asserting that the legislative history stated in our initial opinion was in error and, therefore, our decision based upon such history was necessarily wrong.

We were incorrect in our original opinion in stating: "Apparently, none of the benefits of the Oregon Compensation Act survived until Oregon Laws 1933, ch 128, was enacted." However, that error does not lead to a reversal of our original decision because the two differently worded provisions concerning survival of compensation benefits were first in the same act in 1917, rather than in 1933.

The original act provided that permanent total disability benefits would survive, Oregon Laws 1913, ch 112, § 21, at 200. That act contained substantially the same language as is now in ORS 656.208: "If the injured workman dies *during the period of permanent total disability*," benefits survive. (Emphasis added.) In 1917 an extensive revision of the compensation law was enacted. The revisions contained the language above quoted concerning total disability and added a provision for the survival of permanent partial disability benefits which provided: "In case of the death of a workman *receiving monthly payments on account of permanent partial disability*" benefits survive. (Emphasis added.) Oregon Laws 1917, ch 288, § 21, p 554.

Petition denied.

O'CONNELL, J., dissenting.

For the reasons stated in my dissenting opinion filed in the original case, I would grant plaintiff's petition for rehearing.

Sloan and Holman, JJ., join in this dissent.