Argued November 29, 1972, affirmed January 19, 1973

WARD ET UX, *Appellants, v.* STATE
ACCIDENT INSURANCE FUND (No. 72 1667),
*Respondent.*
505 P2d 355

*A. J. Morris,* Eugene, argued the cause for appellants. With him on the brief were Bailey, Hoffman, Morris & Van Rysselberghe, Eugene.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This is a workmen's compensation case. The decedent workman died of a blood infection (septicemia) on May 30, 1970, four months after laminectomy surgery arising out of a compensable back injury of January 9, 1970. The beneficiaries, including the widow, are the claimants. After hearing, the hearing officer, and thereafter the Workmen's Compensation Board and the circuit court, rejected the claim holding

that there was no showing that deceased died as a result of the January 9, 1970 accidental injury or while permanently and totally disabled. Claimants appeal.

The decedent was a 49-year-old maintenance carpenter for the school district and had been so employed in the Eugene area for four or five years. Prior to that he had worked as a carpenter in the Eugene area for upwards of 20 years. Over the years he had had many medical problems. A non-exhaustive list typical of injuries and diseases is as follows: Finger amputation in 1962 due to circulatory impairment. A twisting injury in 1963 produced much pain in chest wall from possible fracture of eighth rib. Abscess in buttocks in 1964. A fall at work in 1965 resulted in aggravation of cellulitis (diffuse inflammation of connective tissue) and abscess formation in left elbow. March 1967 decedent was hospitalized and diabetes mellitus was diagnosed. March 1968 a right elbow infection was aggravated by use of jack hammer at work and finally resulted in an abscess formation. December 1968 decedent was struck on head at work by a tool box and sustained a subconjunctival hemorrhage. In 1969 decedent developed cellulitis of the foot which culminated in amputation of several toes in May 1969. A work-connected back twisting produced severe pain in left, lower rib cage and lumbar spine in November 1969, probably responsible for later-discovered compression fractures of L3 and L4. The sequence of events prior to his death is as follows: Hospitalized January 14, 1970, back problems. Myelogram January 22, 1970, which showed a block at L3-L4. January 29, 1970, Dr. Hockey performed a decompressive laminectomy. Discharged from hospital May 15, 1970, readmitted May 29, 1970, and expired May 30, 1970. The immediate cause of death was septicemia.

Claimants contend that (1) the industrial injury accelerated or at least masked the internal disease to produce the disability and resulting death and (2) having shown decedent was totally disabled at the time of his death and had been for some time prior to his death, a prima facie case of permanent total disability was established.

■ As to the claim of masking or acceleration producing the disability and death, we are unable to find support for this contention in the record. The cause of death was septicemia. The neurosurgeon who performed the decompressive laminectomy did not feel that the compensable back injury in any way disguised decedent's septicemia or that the septicemia was related to the back injury. Decedent's family doctor, Dr. Dederer, testified that decedent was being treated for ·infections during much of the time he treated claimant from 1961 on, but that he, Dr. Dederer, was not his treating doctor during his hospitalization from January 14, 1970, on to the time of death:

"* * * I wasn't really closely associated with him at this time. He was under the care of Doctor Hockey, Doctor James was called in as a consultant, and I had—my contribution was an occasional sociable call."

Dr. Dederer stated, however, that he thought the back injury masked the infection diagnosis, but went on to say that the decedent "was being treated for infections right along." Dr. James, the consultant, "wonder[ed]" if the septicemia did not start as a disc space infection, but his report falls short of relating the infection to the work injury. We agree with the hearing officer and the Board that the fever, the toxic blood and infectious process were diagnosed approximately from the time of hospital admission January 14, 1970, so

that the masking theory is not supported. There is no probative evidence in the record of any connection between the accidental injury and the operation on the one hand and the septicemia on the other. We thus conclude that claimants failed to establish that the industrial injury accelerated or masked the internal disease to produce the disability and resulting death.

■■ We turn now to the claim for benefits on the theory that decedent died during "the period of permanent total disability" within the meaning of ORS 656.208.[①] It is clear that the workman was totally disabled at the time of his death. Whether the total disability would have been permanent, absent the septicemia, is not established. Claimants contend that a presumption should arise in this situation that, having established total disability, it would be presumed to be permanent unless the contrary were shown. Claimants rely on *Fox v. American News Co., et al., Aplnts.*, 190 Pa Super 74, 151 A2d 670 (1959). That case is one in which claimant was totally disabled by carbon monoxide poisoning. Claimant returned to work for three days but the pain caused him to stop.

---

[①] ORS 656.208 (1) provides:

"If the injured workman dies during the period of permanent total disability, whatever the cause of death, leaving:

"(a) A widow who was his wife either at the time of the injury causing the disability or within two years thereafter;

"(b) An invalid widower who was her husband either at the time of the injury causing the disability or within two years thereafter; or

"(c) Any children under the age of 18 years,

the * * * [beneficiary] shall receive [benefits] * * *."

ORS 656.206 (1)(a) provides:

" 'Permanent total disability' means the loss, including pre-existing disability, of both feet or hands, or one foot and one hand, total loss of eyesight or such paralysis or other condition permanently incapacitating the workman from regularly performing any work at a gainful and suitable occupation."

Thereafter, the employer's doctor, after rather incomplete examinations, was of the opinion claimant's disability from the carbon monoxide had terminated. The referee found the disability had not cleared; the Board and the lower court agreed. The appellate court also affirmed, pointing out that total disability payments had been agreed to by the employer and that:

"* * * Total disability is presumed to continue unless and until competent examination and testimony discloses otherwise. The burden of proving that claimant's disability had ceased altogether or had become partial was upon the employer. * * *" 190 Pa Super at 77.

This language, in context, presupposes a live claimant and refers to the situation during the time the employer contended workman was able to return to work and the period during which the workman contended he was still disabled.

■■ In the present case with relation to his work-connected disability, it was speculative and conjectural whether the workman was permanently disabled or whether he would again become able to perform work. The burden was on the claimants to establish beyond conjecture and speculation that he was permanently totally disabled as a result of compensable injury. *Nolan v. SAIF,* 7 Or App 46, 489 P2d 974 (1971). We cannot indulge a presumption that the back injury, absent the septicemia, was permanently disabling. There was no evidence presented by claimants from which to conclude that decedent would not have recovered substantially from his surgery, as he had so frequently before, had he not succumbed to the infectious process. We therefore conclude that claimants have failed in their proof.

Affirmed.