Argued December 22, 1978, affirmed February 20, reconsideration
denied March 27, Sup Ct review denied July 16, 1979

BRADLEY, *Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(No. WCB 76-3058, CA 11541)

590 P2d 784

Raymond J. Conboy, Portland, argued the cause
and filed the brief for petitioner. On the brief were

Pozzi, Wilson, Atchison, Kahn and O'Leary, and Donald R. Wilson, Portland.

Quintin B. Estell, Associate Counsel, SAIF, Salem, argued the cause for respondent. On the brief were K. R. Maloney, Chief Counsel, James A. Blevins, Chief Trial Counsel, and Earl M. Preston, Attorney, SAIF, Salem.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

The claimant-beneficiary widow (hereinafter claimant) of a deceased worker appeals from an order of the Workers' Compensation Board affirming the Referee's order finding (1) that the worker was not permanently and totally disabled by reason of his industrial injury at the time of his death and (2) that claimant was barred under ORS 656.218[1] from seeking a redetermination of the degree of the worker's permanent partial disability at the time of death. Claimant assigns both of these findings as error. We affirm.

Claimant first challenges the denial of permanent total disability pursuant to ORS 656.208. Under that statute, as interpreted in *Mikolich v. State Ind. Acc. Comm.,* 212 Or 36, 316 P2d 812, 318 P2d 274 (1957), if a worker dies during a period of permanent total disability, without having been determined during his lifetime to be permanently and totally disabled, his widow may show that he was permanently and totally disabled from his compensable injury at the time of death.[2] In this case, however, and while we do not recite the facts at length, *see Hoag v. Duraflake,* 37 Or App 103, 585 P2d 1149, *rev den* (1978), we agree with the finding of the Referee and the Board that the deceased worker was not permanently and totally disabled by reason of his industrial injury at the time of his death.

---

[1] Unless otherwise noted, the statutes cited in this opinion are the versions that were in force at the time of claimant's injury.

[2] At the time of *Mikolich,* ORS 656.208 provided:

"If the injured workman *dies during the period of permanent total disability,* whatever the cause of death, leaving a widow who was his wife either at the time of the injury causing such disability or within two years thereafter, an invalid widower who was her husband either at the time of the injury causing such disability or within two years thereafter, or a child under the age of 18 years, the surviving widow or invalid widower shall receive $80 per month until death or remarriage . . . ." (emphasis added)

The critical language, italicized above, has remained unchanged.

■ Claimant next contends that the worker's permanent partial disability exceeded the 20 per cent award in effect at the time of his death. We do not reach this question since we conclude, as did the Board, that ORS 656.202(2) and ORS 656.218(1) preclude claimant from seeking a redetermination after the worker's death of the degree of his permanent partial disability.

ORS 656.202(2) provides:

"Except as otherwise provided by law, payment of benefits for injuries or deaths under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the right to compensation occurred.[3]

■■ This statute applies in the present case. The phrase "payment of benefits for injuries or *deaths*" (emphasis added) demonstrates that the statute contemplates payment to survivors of deceased workers as well as to living but disabled workers. The use of the word "continued" encompasses continuance of such payments as had been made to the worker during his lifetime. This construction finds support in ORS 656.218(1) as it appeared at the time of the worker's injury. That statute provided:

"In the case of the death of a workman receiving monthly payments on account of permanent partial disability, such payments shall *continue* for the period during which the workman, if surviving, would have been entitled thereto." (emphasis added)

We conclude that ORS 656.202(2) requires that a survivor's rights to continuance of disability payments after death of a worker, which include any claimed right to redetermination of permanent partial disability, be governed by the law in effect at the date of injury (here, October 12, 1971).

In *Fertig v. Compensation Department,* 254 Or 136, 455 P2d 180, 458 P2d 444 (1969), the Oregon Supreme Court held that, under ORS 656.218(1), a survivor

---

[3]No substantive changes have been made in this statute since October 12, 1971, the date of the worker's injury.

could not, after the worker's death, seek a determination of the degree of the worker's permanent partial disability and recieve an award therefor, if there had been no determination during the worker's life. *Fertig* did not specifically address the question of whether, after a determination of a worker's permanent partial disability during his lifetime, his survivors could later seek a *redetermination* and *additional* benefits, but ORS 656.218(1) suggests that they could not do so. The statute provided that "*such payments shall continue*" (emphasis added), referring to the payments the worker was receiving at the time of death. We hold that former law barred claimant from the relief she now seeks.

The legislature amended ORS 656.218 by Oregon Laws 1973, ch 355, § 1 to entitle the deceased worker's survivors to litigate the issue of the worker's permanent partial disability, whether or not there had been a prior determination.[4] Claimant argues that these new provisions govern the present case. The claimant also argues that retroactivity is not at issue since her rights as a survivor, being independent of the worker's rights, accrued not at the time of injury but rather at the time of the worker's death. Respondent categorizes the question as one involving retroactive application of the statutory amendments.

---

[4] In pertinent part ORS 656.218 now provides:

"(1) In case of the death of a worker entitled to compensation, whether his eligibility therefor or the amount thereof have been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"* * * * *

"(3) If the worker has filed a request for a hearing pursuant to ORS 656.283 and death occurs prior to the final disposition of his request, the persons described in subsection (5) of this section shall be entitled to pursue the matter to final determination of all issues presented by the request for hearing.

"* * * * *

"(5) The payments provided in subsections (1), (2), (3) and (4) of this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204."

■ Claimant's arguments are answered in part by our construction of ORS 656.202(2), *supra.* That statute governs the rights of survivors as well as workers and, unless the 1973 amendments to ORS 656.218 apply retroactively, mandates the application of the law in effect at the time of the worker's injury. The key factor in retroactive application questions is legislative intent. *See, e.g., Mahana v. Miller,* 281 Or 77, 573 P2d 1238 (1978); *Employment Div. v. Bechtel,* 36 Or App 831, 585 P2d 769 (1978). That intent may be discerned from the effects of retroactive application. As the court stated in *Joseph v. Lowery,* 261 Or 545, 548-49, 495 P2d 273 (1972):

> "[T]his court has refused to give retroactive application to the provisions of statutes which affect the legal rights and obligations arising out of past actions. This is without respect to whether the change might be 'procedural or remedial' or 'substantive' in a strictly technical sense."

In the present case, application of current law rather than former law would change the rights and obligations arising out of past transactions. Respondent could be liable for greater payments than those for which it would have been liable under former law. In light of the express language of ORS 656.202(2), the presumption against retroactive application (*Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969)) and the absence of any legislative history supporting retroactivity, we hold that the amendment to ORS 656.218 applies prospectively only.

Affirmed.