Argued and submitted December 7, 1979, affirmed as modified;
reversed in part May 27, reconsideration denied June 18,
petition for review denied July 17, 1980 (289 Or 373)

In the Matter of the Compensation of the Beneficiaries
of Gerald Mayes, Deceased.
MAYES,
*Respondent,*

*v.*

BOISE CASCADE CORPORATION,
*Petitioner.*

(No. 78-1649, CA 15073)

611 P2d 681

Elizabeth K. Reeve, Portland, argued the cause for petitioner. With her on the brief were Robert E. Joseph, Michael D. Hoffman, Dennis S. Reese and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Robert H. Grant, Medford, argued the cause for respondent. With him on the brief was Grant, Ferguson & Carter, Medford.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

The claimant in this workers' compensation case is the widow of a deceased worker. At the time of his death in October, 1977, the worker was receiving permanent total disability benefits pursuant to ORS 656.313 while his employer's appeal from a referee's decision that he was permanently and totally disabled was pending before the Workers' Compensation Board. The Board affirmed the referee's decision. The employer then appealed to this court, which decided on December 4, 1978, that the extent of the worker's disability at the time of the hearing before the referee was permanent and partial rather than permanent and total. *Mayes v. Boise Cascade Corporation,* 37 Or App 274, 586 P2d 1139 (1978).

Claimant contends that, under ORS 656.208 and 656.313, she is entitled to benefits, equal to those the worker was receiving prior to his death, which are payable for the period from his death to the date of this court's decision in *Mayes v. Boise Cascade Corporation, supra.* Claimant also seeks penalties under ORS 656.262 on the ground that the employer unreasonably refused to pay her such benefits.

ORS 656.208 (1) provides:

"If the injured worker dies during the period of permanent total disability, whatever the cause of death, leaving:

"(a) A spouse who was the husband or wife of the worker either at the time of the injury causing the disability or within two years thereafter; or

"(b) Any dependents listed in ORS 656.204, payment shall be made in the same manner and in the same amounts as provided in ORS 656.204."

At relevant times, ORS 656.313 provided:

"(1) Filing by an employer or the State Accident Insurance Fund of a request for review or court appeal shall not stay payment of compensation to a claimant.

"(2) If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal.[1]

Claimant filed her claim in February, 1978, shortly after the Board had affirmed the referee's finding of permanent total disability in the proceedings on the worker's own claim. Her claim was denied by the employer, and she requested a hearing. The parties filed a stipulation with the referee which, among other things, set forth their respective contentions. Claimant contended that the Board's earlier award of permanent total disability benefits to the worker (which award had not yet been reviewed by this court) was conclusive— because of res judicata or collateral estoppel—on the issue of whether the worker was permanently and totally disabled for purposes of her own claim. She therefore contended that certain exhibits proffered by the employer, which were probative of the extent of the worker's disability at the time of his death but which were not part of the record of the hearing on his claim, were inadmissible. The parties stipulated that

"in the event that the [referee] determines that it is proper to re-litigate the matter of the extent of the permanent disability of [the worker], the same may be based upon the record established at the original hearing [on his claim], and the additional exhibits forwarded by the employer, if ruled admissible * * *."

The referee's decision, adverse to claimant, was issued four days after this court's decision in *Mayes v. Boise Cascade Corporation, supra,* but was not based upon that decision. The referee stated "that under the present Oregon law the employer may relitigate the extent of permanent disability." The referee found from the evidence, including the employer's exhibits which had not been in evidence at the hearing on the

---

[1] ORS 656.313 was amended by Oregon Laws 1979, Ch 673, § 1.

worker's claim, that the worker "was not permanently and totally disabled as of the date of his death."

Claimant appealed to the Board, which reversed the referee, stating in part:

"The Board, on de novo review, finds that at the time of his death Mayes was permanently and totally disabled. ORS 656.208 provides that a widow shall receive death benefits if the injured worker dies during the period of permanent total disability. If Mayes had not died in October 1977 the employer would have been obligated to pay him compensation for permanent total disability until the date of the opinion of the Court of Appeals, December 4, 1978. On that date, and pursuant to said opinion, the employer would be entitled to terminate payment of compensation for permanent total disability. It would continue to pay Mayes compensation for permanent partial disability only if the award of 144 degrees had not previously been paid.

"In the opinion of the Board, Mayes' right to compensation for permanent and total disability was vested in him at the time of his death and passed, through survivorship, to claimant. Therefore, the carrier was required to continue to make payments for permanent total disability to claimant from the date of Mayes' death until the date of the opinion of the Court of Appeals which was December 4, 1978.

"The Board further finds that the employer's failure to continue to make these benefit payments up until the time the orders of the Referee and the Board had been overturned by the Court of Appeals represents unreasonable refusal to pay compensation to claimant. There is no basis for finding that the provisions of ORS 656.313 do not apply in this case.

"* * * * *

"The order of the Referee, dated December 8, 1978, is reversed.

"Claimant's claim for benefits, pursuant to the provisions of ORS 656.208, is hereby remanded to the employer and its carrier to be accepted and for the payment of compensation from the date of the death of claimant's husband, Gerald Mayes, to December 4, 1978, the date of the opinion of the Court of Appeals.

[337]

"Claimant is also entitled to compensation equal to 15% of the compensation due her between the dates stated above because of the unreasonable refusal by the employer and its carrier to pay claimant compensation as provided by law.

"Claimant's attorney is awarded as a reasonable attorney's fee for his services both before the Referee at the hearing and at Board review a sum of $1,000, payable by the employer and its carrier."

The employer appeals. Its principal assignments of error are to the effect that the Board erred by awarding benefits to claimant under ORS 656.208. The employer argues that permanent total disability benefits payable to a worker under ORS 656.313 do not pass by survivorship, and that ORS 656.208 confers on a deceased worker's dependents an independent right to benefits rather than a derivative right to the worker's disability benefits. According to the employer, complainant did not establish her independent right to benefits under ORS 656.208 because she did not prove that the worker was permanently and totally disabled at the time of death. The employer also argues that the issue in the present case is the extent of the worker's disability at the time of his death, while the issue in the proceedings on his claim was the extent of disability at the time of the referee's hearing on that claim; that the findings in the proceedings on that claim therefore do not have a res judicata or collateral estoppel effect in connection with the disability issue here; and that, in any event, even if res judicata or collateral estoppel were a factor, the decision of the Court of Appeals related back to the time of the referee's hearing on the worker's claim and he was accordingly *never finally* determined to be permanently and totally disabled.

Claimant argues that, read together, ORS 656.208 and ORS 656.313 confer a right on her to receive the permanent total disability benefits her husband was receiving prior to his death, and which he would have been entitled to receive, had he survived, until the

[338]

Board's order awarding those benefits was rejected by this court. Claimant contends that the Board's order on the worker's claim was conclusive on the issue of the extent of his disability *until* the Board's finding on that issue was (in effect) reversed on appeal. Claimant does *not* argue that she is entitled to benefits under ORS 656.208 for the period after this court's decision in *Mayes v. Boise Cascade, supra.* Claimant also does not argue, nor could she, that she proved in the proceedings on her claim that the worker was permanently and totally disabled at the time of death, except to the extent that the evidence of permanent and total disability presented at the referee's hearing on the worker's claim was probative of the extent of his disability when he died. Our previous review in *Mayes v. Boise Cascade Corporation, supra,* persuaded us that that evidence did not prove permanent total disability.

The principal issue in this case is whether dependents' benefits under ORS 656.208 include a right to compensation while an appeal by an employer is pending from a referee's or the Board's finding that, during a deceased worker's life, he was permanently and totally disabled. That issue has never previously been decided by an Oregon appellate court. Related but distinguishable issues have been.

In *Mikolich v. State Ind. Acc. Com.,* 212 Or 36, 316 P2d 812, 318 P2d 274 (1957), the issue before the court was whether a widow could obtain benefits under ORS 656.208 if there had been a determination prior to her husband's death that he was temporarily totally disabled, but there had been no determination whether he was permanently and totally disabled. The court held that the widow was entitled to prove her claim for ORS 656.208 benefits by proving

"* * * that her husband was, in fact, permanently totally disabled as a result of his injury in the period immediately before death." 212 Or at 58.

[339]

In *Bradley v. SAIF,* 38 Or App 559, 590 P2d 784, *rev den* 287 Or 123 (1979), we followed *Mikolich* and stated:

"* * * [I]f a worker dies during a period of permanent total disability, without having been determined during his lifetime to be permanently and totally disabled, his widow may show that he was permanently and totally disabled from his compensable injury at the time of death. * * *" 38 Or App at 561.

In *Ward v. SAIF,* 12 Or App 49, 505 P2d 355 (1973), we rejected the contention of the claimants, the dependents of a deceased worker, that a presumption of permanence arose from the fact of total disability at the time of death.

Neither *Mikolich, Bradley, Ward,* nor any other case we find or the parties cite advances our inquiry substantially. *Mikolich* and *Bradley* hold that a worker's widow may obtain benefits under ORS 656.208 by proving permanent total disability *at the time of the worker's death* if there was *no determination* concerning the extent of his permanent disability *during his life;* neither case indicates whether permanent total disability must be proved as of the time of death if there *was* a determination of permanent total disability during the worker's life. Stated otherwise, both cases hold that a widow *may* litigate (and, possibly, "relitigate") the extent of a deceased worker's disability as of the time of his death in attempting to obtain benefits under ORS 656.208; neither case holds that she *must* do so if there was a prior determination of permanent total disability which remained undisturbed at the time of the worker's death. *Ward* holds that claimants under ORS 656.208 are not aided by a presumption that total disability is a continuing and therefore permanent state; it does not hold that permanent total disability, once determined, is not presumptively a continuing status. *Mikolich, Ward,* and *Bradley* all involved situations in which the worker had not been determined during his life to be permanently and totally disabled. In the absence of such a

[340]

determination during the worker's life, proof that he died "during the period of permanent total disability" would necessarily have to be based on the extent of his disability immediately preceding death.

It does not follow that dependents of a worker who *was* determined to be permanently and totally disabled during his life, and who died while that determination remained unaltered, must prove that the worker was permanently and totally disabled at death as well as at the time of the previous determination, in order to qualify for benefits under ORS 656.208. During the life of a worker who has been determined to be permanently and totally disabled, his disability status is continuing unless and until the employer, the Board or the Workers' Compensation Department invokes procedures to change that status. *See,* e.g., ORS 656.206(5), 656.278, 656.325. It would be anomalous to construe ORS 656.208 as requiring a deceased worker's dependents to *prove* that the previously determined disability status which *presumptively* continued during his life existed immediately preceding his death. We decline to so construe the statute.

In the present case, however, the questions remain whether the worker *was* determined during his life to be permanently and totally disabled, and what benefits, if any, claimant is entitled to receive if the worker was or was not determined to be so disabled.

Dependents' benefits under ORS 656.208 are contingent upon the worker's dying "during the period of permanent total disability." It is not clear from the statute whether the term "the period of permanent total disability" refers to a condition, i.e., permanent total disability, or to a procedural event, i.e., having been determined to be permanently and totally disabled. In either case, the employer's argument imports that ORS 656.208 does not apply here: our decision in *Mayes v. Boise Cascade Corporation, supra,* means the worker was in fact never permanently and totally disabled; and, according to the employer, our decision

related back to the time of the referee's hearing, and therefore the determinations of permanent total disability by the referee and Board were intermediate and were therefore legal nullities.

Claimant responds that ORS 656.208 must be read together with ORS 656.313, and that the combined effect of those statutes is to confer on her the right to receive the benefits her husband, had he survived, would have been entitled to receive pursuant to ORS 656.313. We do not agree that ORS 656.208 confers a direct right on claimant to receive the same benefits the worker would have received prior to our decision in *Mayes v. Boise Cascade Corporation, supra,* had he lived. The language of the two statutes does not support that meaning; the benefits the statutes provide are not the same. Under ORS 656.313, the worker, while he lived and the employer's appeals were pending, was entitled to compensation under ORS 656.206(2), while any entitlement claimant might have under ORS 656.208 would be to the benefits provided by ORS 656.204.

Nevertheless, ORS 656.313 is relevant in construing ORS 656.208, as is ORS 656.218. ORS 656.208 and 656.313 were quoted above. *See* 46 Or App at 335-36. ORS 656.218 provides in pertinent part:

"(1) In case of the death of a worker entitled to compensation [for permanent partial disability], whether his eligibility therefor or the amount thereof have been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.
"* * * * *

"(5) The payments provided in subsections (1), (2), (3) and (4) of this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204.

[342]

ORS 656.218 was amended by Oregon Laws 1973, ch 355, § 1.[2] Prior to the amendment, ORS 656.218(1) provided:

"In case of the death of a workman receiving monthly payments on account of permanent partial disability, such payments shall continue for the period during which the workman, if surviving, would have been entitled thereto."

The 1973 amendment essentially nullified the Supreme Court's holding in *Fertig v. Compensation Department,* 254 Or 136, 455 P2d 180, 458 P2d 444 (1969), that, in light of differences in the language of ORS 656.208 and the pre-1973 language of ORS 656.218, unlike dependent's rights under ORS 656.208,

"* * * the right to permanent partial disability benefits does not survive without at least an award of such benefits being made." 254 Or at 142

Justice O'Connell dissented in *Fertig,* stating:

"There would appear to be no reason for the legislature to make a distinction between these two types of cases. The majority opinion does not offer any reason other than the difference in the wording of ORS 656.208 and ORS 656.218. * * * I do not regard the language as an expression of a legislative intent to exclude cases in which the workman was not receiving payments before his death. ORS 656.218 can be interpreted as if it read, 'In case of the death of a workman *entitled* to receive monthly payments' etc.

---

[2] The amendment to ORS 656.218(1) does not apply in cases where the worker's injury which resulted in permanent partial disability occurred after the amendment's adoption. *Bradley v. SAIF,* 38 Or App 559, 590 P2d 784, *rev den* 287 Or 123 (1979). The injury here occurred prior to the 1973 amendment. Neither the pre- nor post-amendment form of ORS 656.218 is determinative of the claimant's entitlement to the benefits which are disputed in this case; nevertheless, the text of the statute as amended and, perhaps, the fact of its amendment are relevant to our interpretation of ORS 656.208. The language of ORS 656.208 relevant here has not been amended in substantive respects since the worker's injury.

I would so interpret the statute and affirm the trial court." (Emphasis in original.) 254 Or at 142-43.[3]

Under the three statutes in their current form, a worker who is awarded disability benefits by a referee or the Board is entitled under ORS 656.313 to receive those benefits pending the result of any further administrative or judicial review sought by an employer. Similarly, under ORS 656.218, the dependents of a deceased worker entitled to compensation for permanent partial disability, whether or not such eligibility has been determined, may receive payments "for the period during which the worker, if surviving, would have been entitled thereto"—including any period when the worker, if surviving, would have been entitled to such payments pursuant to ORS 656.313.

Unlike ORS 656.313 and ORS 656.218, ORS 656.208 does not expressly state that the benefits it provides are payable by an employer while his appeal from an award of benefits is pending. The statute also does not state the contrary. No reason occurs to us why the legislature would intend that a worker, or the widow of a deceased worker entitled to compensation for permanent *partial* disability, should receive payments during the pendency of an employer's appeal, while the widow of a worker entitled to compensation for permanent *total* disability should not. We therefore conclude that benefits under ORS 656.208 are payable to eligible dependents in cases such as this, while an employer's appeal is pending from a referee's or the Board's determination that the deceased worker was permanently and totally disabled.

Claimant argues and the Board's order suggests (if it does not make wholly clear) that the benefits claimant is to receive are to equal the payments the worker would have received, had he survived, until this

---

[3] On rehearing in *Fertig,* Justice O'Connell was joined by Justices Sloan and Holman in a dissent which stated:

"For the reasons stated in my dissenting opinion filed in the original case, I would grant plaintiff's petition for rehearing." 254 Or at 144.

court's December 4, 1978, decision in *Mayes v. Boise Cascade Corporation, supra.* As earlier indicated, ORS 656.208 does not provide for dependents' benefits equal to those the worker himself would have received under ORS 656.313 during his life. We hold that claimant is entitled to benefits for the period from the worker's death to December 4, 1978, computed in accordance with ORS 656.204. The portion of the order awarding benefits to claimant pursuant to ORS 656.208 is affirmed as so modified.

In addition to the two assignments of error we have considered, the employer makes two others. First, it argues that the Board's award of a 15 percent penalty to claimant based on the employer's unreasonable refusal to make payments was error, because the employer had grounds for legitimate doubt as to its liability to claimant. We agree, and we reverse the portion of the order imposing the penalty. *Norgard v. Rawlinsons,* 30 Or App 999, 569 P2d 49 (1977).

The employer's final assignment of error is that the Board

"* * * erred in failing to clarify whether the employer receives credit for its payments of permanent total disability against any portion of the permanent partial disability award which has not previously been paid."

The employer explains:

"Even though this issue does not directly involve the widow's independent claim for benefits, the [Board] in its order should have credited [the employer's] obligation on [the worker's] permanent partial disability award with prior permanent total disability payments already made to him. * * *

"The court is thus requested to modify the [Board's] order on review and formally order that [the employer] is entitled to deduct prior permanent total disability payments from its permanent partial disability obligation."

The apparent point of the employer's argument is that the employer is entitled to have the permanent

[345]

total disability benefits it paid *the worker* deducted from the permanent partial disability benefits which were owed but not paid to *the worker* in connection with *his* claim. As the employer appears to recognize, the issue it seeks to raise now would have been appropriately raised in the proceedings on the worker's claim.

Affirmed as modified in part, reversed in part.