Argued and submitted May 2, 1985, reversed and remanded for further proceedings January 29, 1986

In the Matter of the Compensation of
the Beneficiaries of Charles W. Owen
(Deceased), Claimant.

The BENEFICIARIES OF CHARLES W. OWEN
(Deceased),
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(82-11633; CA A33203)

713 P2d 628

Robert K. Udziela, Portland, argued the cause for petitioner. On the brief were Victor A. Calzaretta and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief

were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The issue in this workers' compensation case is whether the widow of a deceased worker is entitled, under ORS 656.208,[1] to a hearing on the question of whether the worker was permanently and totally disabled at the time of his death. The Board affirmed the referee's dismissal of her request for a hearing.

The decedent injured his back on November 27, 1967. The original determination order, issued March 22, 1968, awarded time loss, but no permanent disability. After a hearing, the worker was awarded 10 percent permanent partial disability. His claim was reopened in June, 1972, for additional treatment; the parties stipulated that his back condition had worsened, entitling him to medical benefits and time loss. On June 18, 1974, a second determination order was issued, re-closing the claim and awarding time loss and an additional 15 percent permanent partial disability. At that time, although the worker's aggravation rights had expired, he was entitled to and did request a hearing on the June 18 determination order. A hearing was held, and on October 25, 1974, the referee issued an order setting aside the determination order and remanding the claim to SAIF for continuing medical care and time loss benefits until the claim was properly closed under the statute. Following that order, the claim was and remained in an open status.

About three years later, without the claim having been closed, claimant sought additional treatment, and his doctor advised SAIF of the need for additional surgery. Apparently, SAIF treated the letter as an aggravation claim on which claimant's rights had expired, and the matter was submitted to the Board on its "own motion" calendar. On April 14, 1977, the Board issued what purported to be an "own motion determination," awarding temporary total disability

---

[1] ORS 656.208(1) (amended by Or Laws 1985, ch 108, § 2) provided:

"(1) If the injured worker dies during the period of permanent total disability, whatever the cause of death, leaving:

"(a) A spouse who was the husband or wife of the worker either at the time of the injury causing the disability or within two years thereafter; or

"(b) Any dependents listed in ORS 656.204, payment shall be made in the same manner and in the same amounts as provided in ORS 656.204."

and an additional 10 percent permanent partial disability. The Board later "reopened" the claim, effective September 4, 1981, for additional treatment. On June 4, 1982, it issued a new "own motion" determination, awarding additional temporary total disability. On August 31, 1982, the worker requested the Board to award him permanent total disability as of April 25, 1982. The Board held that he had not shown that he was permanently and totally disabled and denied the request. In the meantime, on September 13, 1982, he died as the result of a noncompensable heart attack.

Claimant, as the surviving spouse, filed a claim under ORS 656.208, contending that she is entitled to an independent hearing under that statute for the purpose of determining whether her husband was permanently and totally disabled at death, despite the fact that the decedent did not prevail before the Board on the merits of his own claim and could not have appealed from that determination. SAIF argues that her only right to benefits is derived from ORS 656.218[2] and that, as the widow, she has no independent right under ORS 656.208 to a

---

[2] ORS 656.218 provides:

"(1) In case of the death of a worker entitled to compensation, whether eligibility therefor or the amount thereof have been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"(2) If the worker's death occurs prior to a determination having been made under ORS 656.268, the insurer or the self-insured employer shall so notify the director and request the claim be examined and compensation for permanent partial disability, if any, be determined.

"(3) If the worker has filed a request for a hearing pursuant to ORS 656.283 and death occurs prior to the final disposition of the request, the persons described in subsection (5) of this section shall be entitled to pursue the matter to final determination of all issues presented by the request for hearing.

"(4) If the worker dies before filing a request for hearing, the persons described in subsection (5) of this section shall be entitled to file a request for hearing and to pursue the matter to final determination as to all issues presented by the request for hearing.

"(5) The payments provided in subsections (1),(2), (3) and (4) of this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204.

"(6) This section does not entitle any person to double payments on account of the death of a worker and a continuation of payments for permanent partial disability, or to a greater sum in the aggregate than if the injury had been fatal."

hearing on whether the worker was permanently and total disabled if the worker's right to a hearing had expired. The application of that statute has been considered under a variety of circumstances, in *Mikolich v. State Ind. Acc. Com.,* 212 Or 36, 316 P2d 812, 318 P2d 274 (1957), *Mayes v. Boise Cascade Corp.,* 46 Or App 333, 611 P2d 618 (1980), and *Bradley v. SAIF,* 38 Or App 559, 590 P2d 784 (1979), but we do not reach the question as it is posed in the briefs for the reasons set forth below.

■     At oral argument, it came to light that the deceased worker's claim had never been properly closed after it was reopened in 1974. The purported aggravation claim that was submitted to the Board in 1977 was not properly before the Board on its own motion calendar, because the worker was entitled to a determination order under ORS 656.268, from which he could appeal. Had the claim been properly closed by determination order, the worker would have been entitled to another hearing on the issue of the extent of his disability, *Coombs v. SAIF,* 39 Or App 293, 592 P2d 242 (1979), as well as to Board review of the referee's decision and judicial review of the Board's decision. Instead, the Board issued a series of "own motion" orders, including the order addressing the issue of whether the worker was permanently and totally disabled, from which he could not appeal. At the time those orders were issued, the Board did not have "own motion" jurisdiction.

The widow did not raise the issue of nonclosure before the Board; instead, she filed a claim for widow's benefits, citing ORS 656.208 as authority for her right to an independent determination of permanent total disability; the referee and the Board held that she was not entitled to a hearing. Because the worker's claim was never properly closed, there has been no determination made under ORS 656.268 from which she could establish a right to benefits under ORS 656.218. After such a determination order is issued, she will be entitled to a hearing, ORS 656.218(4), and will be able to raise the issue of the worker's permanent total disability.

■     Given our conclusion that the widow will be entitled to a hearing on the nature and extent of the worker's disability as of the time the claim should have been closed, that is, when he became medically stationary, which may not have been

before his death, the issue sought to be presented to the referee, the Board and this court is premature, because it may be moot. Accordingly, we do not decide it but reverse and remand the case to the Board with instructions to remand it to the Division for entry of a determination order on the deceased's worker's claim.

Reversed and remanded for further proceedings not inconsistent with this opinion.