In the Matter of the Compensation of
Marvin Tevepaugh, Deceased and
Ruby Tevepaugh, Claimant.

## TEVEPAUGH,
*Petitioner,*

*v.*

## SAIF CORPORATION et al,
*Respondent.*

(WCB No. 84-05351; CA A35839)

723 P2d 377

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner, the surviving spouse of an injured worker, seeks judicial review of an order of the Workers' Compensation Board that she is not entitled to survivor's benefits because, at the time of decedent's *injury,* he was married to another woman. The dispositive issue is whether ORS 656.208 denies petitioner equality of privileges in violation of Article I, section 20, of the Oregon Constitution[1] or denies her Equal Protection of the Laws in violation of the Fourteenth Amendment to the United States Constitution.[2] We affirm.

Decedent was injured in 1964. At that time he was married to Bertha Tevepaugh. In 1967, the Workers' Compensation Board determined that decedent was permanently and totally disabled. His marriage to Bertha was later terminated.[3] In July, 1968, he married petitioner and was married to her at the time of his death in 1984.[4] No children were born of that marriage.

■     At the time decedent was injured,[5] ORS 656.208(1) provided:

"(1) If the injured worker dies during the period of permanent total disability, whatever the cause of death, leaving:

"(a) *A widow who was his wife either at the time of the injury causing the disability or within two years thereafter.*

---

[1] Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which upon the same terms, shall not equally belong to all citizens."

[2] The Fourteenth Amendment to the United States Constitution provides in relevant part:

"No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

[3] The record does not disclose the nature of that termination, however, it does show the couple had no issue or dependents.

[4] Claimant does not contend that the death was causally related to the industrial injury. Therefore, ORS 656.204, governing a spouse's benefits for a death resulting from accidental injury, does not apply.

[5] A workers' compensation claim, including a claim for survivor's benefits, is governed by the law in force at the time of the injury. ORS 656.202(2); *Roselle v. State Industrial Accident Commission,* 164 Or 173, 176, 95 P2d 726 (1940); *Bradley v. SAIF,* 38 Or App 559, 562-64, 590 P2d 784 (1978), *rev den* 287 Or 123 (1979).

"* * * * *

"* * * the surviving widow * * * shall receive $90 per month until death or remarriage." (Emphasis supplied.)[6]

That statute did not create a classification based on a suspect class and, therefore, is not subject to "strict" scrutiny.[7] We examine the statute to determine whether it "rationally furthers some legitimate, articulated state purpose." *Olsen v. State ex rel Johnson,* 276 Or 9, 17, 554 P2d 139 (1976). Although the statute may not provide benefits to every person who might suffer a pecuniary loss from the death of an injured worker, the statute cannot be described as arbitrary. *See Leech v. Georgia Pacific Corp.,* 259 Or 161, 167-70, 485 P2d 1195 (1971).

■  The legislature could have had a rational basis for distinguishing between surviving spouses who were married to a decedent at the time when an industrial injury occurred, or within two years thereafter, and surviving spouses who married an injured worker more than two years after the injury.[8] Based on this analysis, the result would be the same under the federal Constitution.

---

[6] ORS 656.208 was amended by Or Laws 1985, ch 108, § 2, to eliminate the requirement in issue here.

[7] Petitioner cites *Hewitt v. SAIF,* 54 Or App 398, 635 P2d 384 (1981), *aff'd* 294 Or 33, 653 P2d 970 (1982). That case involved a classification based on *gender.* This case does not.

[8] SAIF argues that the legislature may have intended to provide survival benefits to those persons who had not married a permanently-disabled worker, while withholding those benefits from those who had married a permanently-disabled worker:

"Thus, the surviving-spouse benefits would constitute a form of compensation to the survivor for damages accrued as a result of the industrial injury. The legislature could have concluded rationally that a person who knowingly marries a disabled worker does not suffer damages from the industrial injury and hence need not be compensated."

Petitioner's brief vitually concedes a legitimate legislative purpose.

"Petitioner herein does not contest the underlying concept of the statute, to make such beneficiaries identifiable and to set a two-year limit upon the insurer or employer's risk of paying benefits after the death of the injured worker."

Petitioner's brief then explains:

"Petitioner does contest the discrimination between successive spouses implicit in the statute, and applied against her herein."

As indicated above, this discrimination is not *per se* impermissible. *See Leech v. Georgia Pacific Corp., supra.*

Affirmed.