Argued and submitted January 26, reversed and remanded for reconsideration April 21, petition for review denied August 10, 1999 (329 Or 318)

In the Matter of the Compensation of
Stanley M. Shaw, Deceased, Claimant.

Michelle SHAW,
Beneficiary of the Estate of
Stanley M. Shaw, Deceased,
*Petitioner,*

*v.*

STEINFELDS PRODUCTS, INC.,
and Liberty Northwest Insurance Company,
*Respondents.*

(97-08533; CA A102622)

980 P2d 169

Susan L. Frank argued the cause and filed the brief for petitioner.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, S. J.*

---

* Retired February 28, 1999.

## WARREN, S. J.

Claimant, an injured worker's surviving spouse, seeks review of an order of the Workers' Compensation Board holding that she is not entitled to benefits for the worker's permanent partial disability because the worker died of unrelated causes before becoming medically stationary and at the time of death did not suffer from any "irreversible impairment findings." We hold that the Board's order is based on an administrative rule that is inconsistent with ORS 656.218, and we accordingly reverse the Board and remand for reconsideration.

The worker shattered the bones of his right foot and broke his left foot when he fell off a ladder while working for employer as a mustard maker. Employer's insurer accepted a claim for bilateral heel fractures. The worker eventually returned to regular work but experienced increased foot pain when he had to apply the brakes of his car. His doctor took him off work for 10 days and then released him for light-duty work. While at home, and before his injuries had become medically stationary, the worker died of heart disease. A medical arbiter determined that, if the worker had lived, he would have suffered permanent disability from loss of range of motion and loss of use of his right ankle and that he would have been unable to walk or stand more than two hours in an eight-hour period.

A determination order awarded claimant benefits for time loss only and no permanent disability. Claimant sought reconsideration. Relying on a department administrative rule, OAR 436-035-0007(23)(b)(A), the appellate reviewer determined that, because the worker had died of unrelated causes before his injury had become medically stationary, claimant was entitled to benefits only for "irreversible impairment findings." Concluding that the record did not demonstrate such impairment, the reviewer upheld the determination order.[1]

---

[1] In its order on reconsideration, the department's appellate reviewer noted that she had considered "leg shortening" as a potentially applicable irreversible finding but had eliminated it, because the medical arbiters had indicated that no leg shortening was expected.

The department's ruling was upheld at each level of review. The Board, in affirming the administrative law judge's order, also relied on OAR 436-035-0007(23)(b)(A), which provides, in part:

"If the worker dies due to causes unrelated to the accepted conditions of the claim, the following applies:

"* * * * *

"(b) *When all compensable conditions are not medically stationary pursuant to OAR 436-030-0035 at the time of death*, the following applies:

"(A)   Only those impairment findings that are irreversible and are addressed by these rules shall be rated[.]

"* * * * *

"(d)   For purposes of this section 'irreversible findings' are defined in subsection (2)(d) of this rule." (Emphasis added.)

OAR 436-035-0007(2)(d) lists 30 irreversible findings of impairment, including knee angulation, length discrepancy, meniscectomy, patellectomy, joint replacements, amputations, fused joints, and loss of opposition. The listed conditions are those that were in existence before the worker's death and for which fixed impairment ratings are set forth in the director's rules.

Citing *Shubert v. Blue Chips*, 151 Or App 710, 951 P2d 172 (1997), the Board said that it may not substitute its judgment for the judgment of the director concerning standards for evaluating disability and held that, when a worker dies of causes unrelated to the accepted conditions and all compensable conditions are not medically stationary, the director's rules allow rating only of "irreversible findings." The Board held that, if the director's rules do not provide for a rating in a particular circumstance, no rating is available for the condition. The Board upheld the director's determination that OAR 436-035-0007(23)(b)(A) and (d) allow ratings only for irreversible findings listed in OAR 436-035-0007(2)(d) and that the second rule lists all possible irreversible findings and does not merely provide a list of examples of irreversible conditions. In its order, the Board noted that it had considered joint fusion as a potentially

applicable "irreversible finding" but had determined that such a finding was not supported by the record. The Board held that "[i]nasmuch as claimant has failed to prove a measurable impairment under OAR 436-035-0007(2)(d), he is not entitled to a rating for his heel condition."

Claimant contends that, if it is construed to provide for benefits only for the listed impairments, OAR 436-035-0007(23)(b)(A) is inconsistent with ORS 656.218, which requires an award of benefits to the beneficiaries of a deceased worker *as if the worker had survived*. She asserts, in the alternative, that OAR 436-035-0007(2)(d) lists examples of what must be considered as "irreversible findings" but does not preclude consideration of other permanent conditions. Because we agree with claimant that the department's rules and the Board's interpretation of them are inconsistent with ORS 656.218, we remanded the case for reconsideration.

Before 1973, ORS 656.218(1) provided:

"In case of the death of a workman *receiving* monthly payments on account of permanent partial disability, such payments shall continue for the period during which the workman, if surviving, would have been entitled thereto." (Emphasis added.)

Interpreting the statutory language, the Supreme Court held in *Fertig v. Compensation Department*, 254 Or 136, 455 P2d 180, 458 P2d 444 (1969), that a beneficiary's right to benefits for permanent partial disability does not accrue unless the worker was *receiving* benefits at the time of death, which, the court held, "presupposes that an order awarding the workman such benefits already had been made." 254 Or at 139. In 1973, the legislature amended ORS 656.218, which now provides, in part:

"(1)  In case of the death of a worker *entitled* to compensation, *whether eligibility therefor or the amount thereof have been determined,* payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"(2)  If the worker's death occurs prior to issuance of a notice of closure or making of a determination under ORS

656.268, the insurer or the self-insured employer shall proceed under ORS 656.268 and determine compensation for permanent partial disability, if any." (Emphasis added.)

As amended, subsection (1) provides that, even if the worker's eligibility for benefits for permanent disability has not been determined as of the date of death, the worker's beneficiaries are entitled to compensation for the period during which the worker, *if surviving*, would have been entitled to them. Under subsection (2), permanent disability benefits to which the worker would have been entitled are to be calculated pursuant to ORS 656.268.

ORS 656.268 does not itself refer to the processing of a claim when the worker has died of unrelated causes before closure; however, ORS 656.268(4) discusses the closure of a claim by the insurer or self-insured employer:

"(a)  When the worker's condition resulting from an accepted disabling injury has become medically stationary, and the worker has returned to work or the worker's attending physician releases the worker to return to regular or modified employment, or when the worker's accepted injury is no longer the major contributing cause of the worker's combined or consequential condition or conditions pursuant to ORS 656.005(7), the claim may be closed by the insurer or self-insured employer * * * .

"(b)  Findings by the insurer or self-insured employer regarding the extent of the worker's disability in closure of the claim shall be pursuant to the standards prescribed by the Department of Consumer and Business Services."

Subparagraph (4)(a) requires that before closure "the worker's condition resulting from an accepted disabling injury has become medically stationary." Necessarily, when a worker dies before becoming medically stationary, the requirement of subparagraph (4)(a) cannot be satisfied. Nonetheless, pursuant to ORS 656.218, benefits are to be *determined* and paid to the worker's beneficiaries pursuant to ORS 656.268 as if *the worker had survived.* Furthermore, under ORS 656.268(4)(b), the insurer's or self-insured employer's findings regarding disability must be pursuant to the standards prescribed by the department. Accordingly, the Board correctly referred to the department's rules in

determining claimant's benefits. However, we conclude that the department's rule with regard to determining benefits for workers who die of unrelated causes before becoming medically stationary is inconsistent with ORS 656.218.

ORS 656.218(1) clearly states that in the case of a worker *entitled* to compensation, "payments shall be made for the period during which the worker, if surviving, would have been entitled thereto." In *Mayes v. Boise Cascade Corp.*, 46 Or App 333, 611 P2d 681 (1980), *rev den* 289 Or 373, we noted that, under ORS 656.218(1), the beneficiaries of a deceased worker entitled to compensation for permanent partial disability may receive payments for the period during which the worker, if surviving, would have been entitled to them. 46 Or App at 344. Employer's response is that, pursuant to the department's administrative rule, a worker who dies of unrelated causes before becoming medically stationary simply is not *entitled* to benefits for permanent disability other than for irreversible impairments. The reasoning is circular. We read the statute to establish that both the payment *and calculation* of benefits are to be made as if the worker had survived. Thus, under the statute, the surviving beneficiary's "entitlement" is the same as the worker's would have been had the worker survived. The department's administrative rule establishes a more limited entitlement to benefits for workers who die of unrelated causes before becoming medically stationary.

The medical arbiters determined that, had he survived, the worker would have experienced permanent loss of range of motion and loss of use of his right ankle. For that disability, he would have been entitled to compensation. The department's administrative rule eliminated that impairment from consideration by limiting benefits to "irreversible findings." The rule is inconsistent with ORS 656.218, because it does not encompass the full benefits to which the worker would have been entitled had the worker survived. Accordingly, we remand the case to the Board for reconsideration of claimant's entitlement to benefits under ORS 656.218.

Reversed and remanded for reconsideration.