Submitted on record and briefs August 20, 1979,
affirmed February 19, 1980

## STEVENS,
### *Respondent,*
*v.*
## CHAMPION INTERNATIONAL,
### *Petitioner.*

(No. 78-2533, CA 14282)

606 P2d 674

Keith D. Skelton, Portland, filed the brief for peti-
tioner.

Michael Strooband, and Doblie, Bischoff & Murray, P.C., Eugene, filed the brief for respondent.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Employer appeals from an order of the Workers' Compensation Board awarding claimant increased benefits for aggravation of his compensable condition. Employer contends, as best we understand it, that the claim for aggravation benefits was inadequate in form and that written reports of a "clinical social worker" were erroneously admitted in the hearing before the referee.

The aggravation claim was in the form of a letter from claimant's attorney to the employer's insurance company. It read:

> "Enclosed is a copy of Dr. Lechyner's report dated January 17, 1978. On the basis of this report, the Claimant hereby requests that his claim be reopened."

The carrier must have initially recognized this as an aggravation claim, because it denied it as such. However, it now argues that the above letter never was an adequate aggravation claim because Dr. Lechyner is not a physician, but only a clinical social worker.

ORS 656.273 provides in part:

> "(2) To obtain additional medical services or disability compensation, the injured worker must file a claim for aggravation ***.
>
> "(3) A physician's report indicating a need for further medical services or additional compensation is a claim for aggravation.
>
> "* * * * *
>
> "(7) *** Adequacy of the physician's report is not jurisdictional. If the evidence as a whole shows a worsening of the claimant's condition the claim [for aggravation] shall be allowed."

As we interpret this statute, a claimant may make a "claim for aggravation" under subsection (2) *or, alternatively,* a physician may submit a report, which is a "claim for aggravation" under subsection (3). All of employer's arguments are addressed to the question whether Dr. Lechyner's report should or should not be

[589]

regarded as a "physician's report" within the meaning of ORS 656.273(3). Those arguments are irrelevant, because the letter from claimant's attorney to employer's insurance company was a claim for aggravation within the meaning of ORS 656.273(2).

Employer also seems to argue that it was error to admit various reports from Dr. Lechyner at the hearing before the referee, apparently contending that only reports of physicians are admissible and all other evidence must be presented in the form of live testimony. Employer cites no rules of the Workers' Compensation Board, but relies only upon ORS 656.310(2):

"The contents of medical, surgical and hospital reports presented by claimants for compensation shall constitute prima facie evidence as to the matter contained therein; so, also, shall such reports presented by the State Accident Insurance Fund or direct responsibility employers, provided that the doctor rendering medical and surgical reports consents to subject himself to cross-examination ***."

We do not agree that this statute means that *only physicians* can present evidence in written report rather than live testimony form, especially when ORS 656.283(6) is considered:

"Except as otherwise provided in this section and rules of procedure established by the board, the referee is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice."

Certainly, employer was entitled to cross-examine or take the deposition of Dr. Lechyner. It did not seek to do so. It only argued that Dr. Lechyner's reports were inadmissible because he was not a physician. With that specific claim, we disagree.

Affirmed.