Argued and submitted December 18, 1981, affirmed January 25,
reconsideration denied March 11,
petition for review denied April 6, 1982 (292 Or 825)

In the Matter of the Compensation of
Iona Mathews, Claimant.

# STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner,*

*v.*

# MATHEWS,
*Respondent.*

## (WCB No. 80-06675, CA A21933)

639 P2d 668

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for petitioner.

Peter W. McSwain, Eugene, argued the cause for respondent. On the brief were Evohl F. Malagon, and Malagon, Velure & Yates, Eugene.

Before Buttler, Presiding Judge, and Joseph, Chief Judge,* and Warden, Judge.

BUTTLER, P. J.

---

\* Joseph, C. J., *vice* Warren, J.

## BUTTLER, P. J.

State Accident Insurance Fund Corporation (SAIF) appeals from a determination by the Workers' Compensation Board (Board) affirming the referee's order requiring SAIF to pay forthwith certain medical services expenses incurred by claimant. The question is whether an insurer may withhold payment for medical services expenses pending disposition on appeal. The answer depends on whether ORS 656.313, as amended by Oregon Laws 1979, chapter 673, section 1,[1] applies to a case in which the compensable injury arose before the effective date of the amendment.

Claimant sustained a compensable injury in July, · 1973. Sometime in 1979, claimant requested reopening of the claim in order to obtain payment for additional medical

---

[1] Oregon Laws 1979, chapter 673, section 1, which became effective October 3, 1979, added sections (3) and (4) to ORS 656.313, which, as amended, reads as follows:

"(1) Filing by an employer or the State Accident Insurance Fund Corporation of a request for review or court appeal shall not stay payment of compensation to a claimant.

"(2) If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal.

"(3) If an insurer or self-insured employer denies the compensability of all or any portion of a claim submitted for medical services, the insurer or self-insured employer shall send notice of the denial to each provider of such medical services. After receiving notice of the denial, a medical service provider may submit bills for the disputed medical services to the provider of health insurance for the injured worker. The health insurance provider shall pay all such bills in accordance with the limits, terms and conditions of the policy. If the injured worker has no health insurance, such bills may be submitted to the injured worker. A provider of disputed medical services shall make no further effort to collect disputed medical service bills from the injured worker until the issue of compensability of the medical services has been finally determined. When the compensability issue has been finally determined, the insurer or self-insured employer shall notify each affected medical service provider and each affected health insurance provider of the results of the determination. If the services are determined to be compensable, each health insurance provider that has paid claims pursuant to this subsection has a right of action to recover the costs thereof from the insurer or self-insured employer. As used in this subsection, 'health insurance' has the meaning for that term provided in ORS 731.162.

"(4) Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.208, 656.210 and 656.214 and does not include the payment of medical services."

services. On November 19, 1979, SAIF, in its denial of the claim, refused to pay interim medical costs. By a referee's opinion and order on June 9, 1980, after a hearing, the claim was remanded to SAIF for reopening for payment of compensation for aggravation. SAIF appealed that decision to the Board. By stipulation of the parties, a new hearing was held on February 4, 1981, concerning SAIF's refusal to pay interim medical services expenses pending disposition on appeal. The referee held that the 1979 amendment, n 1, *supra,* had only prospective application to medical services for claims in which the compensable injury occurred after the effective date of the amendment. The Board affirmed.

■ On appeal, SAIF first contends that because ORS 656.313(1) speaks in terms of "compensation to the claimant," payments to medical services providers are not compensation within the meaning of the former rule. We indicated the contrary in *Wisherd v. Paul Koch Volkswagen,* 28 Or App 513, 517-18, 559 P2d 1305, *rev den, appeal dismissed* 434 US 898, 98 S Ct 290, 54 L Ed 2d 185 (1977):

"* * * The clear intent of ORS 656.313 is to require the immediate payment of all compensation due by virtue of the order when the order is entered. Compensation, as defined by ORS 656.005(9), includes medical expenses of the type at issue here:

" 'Compensation' includes all benefits, including medical services, provided for a compensable injury * * * .' "

■ SAIF also contends that the 1979 amendments affect only the remedy and not a substantive right afforded claimants and hence may properly be applied "retrospectively," *i.e.,* to claims involving injuries sustained before the effective date of the amendment. That contention ignores the express language of ORS 656.202(2)[2]:

"(2) Except as otherwise provided by law, payment of benefits for injuries or deaths under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the right to compensation occurred."

We have held that the quoted statute requires that a survivor's rights to continuation of disability payments after the death of a worker, including the claimed right to

---

[2] Although ORS 656.202(2) was the linchpin of the referee's decision, SAIF failed to cite this statute in its brief on appeal.

redetermination of permanent partial disability, is governed by the law in effect at the date of injury. *Bradley v. SAIF,* 38 Or App 559, 562, 590 P2d 784, *rev den* 287 Or 123 (1979). In *Bradley,* we stated that the key factor in retroactive application questions is legislative intent, and we quoted the Supreme Court's statement in *Joseph v. Lowery,* 261 Or 545, 548-49, 495 P2d 273 (1972):

" '[T]his court has refused to give retroactive application to the provisions of statutes which affect the legal rights and obligations arising out of past actions. This is without respect to whether the change might be "procedural or remedial" or "substantive" in a strictly technical sense.' "

*See also, Held v. Product Manufacturing Company,* 286 Or 67, 71, 592 P2d 1005 (1979). In *Bradley,* we reasoned that application of the amended form of ORS 656.218, allowing survivors to obtain a redetermination of disability, would change the rights and obligations arising out of past transactions. We concluded that, in light of the express language of ORS 656.202(2), the general presumption against retroactive application, and the absence of legislative history supporting retroactivity, the changes wrought by the 1973 legislature applied prospectively only.

Here, ORS 656.313 contains no language excepting it from the purview of ORS 656.202(2). At the time of claimant's injury, the law in force required medical services expenses to be paid pending disposition of the claim on appeal. *Wisherd v. Paul Koch Volkswagen, supra.* We hold that ORS 656.202(2) requires that that compensatory arrangement be continued in this case. We see no indication that the rule of ORS 656.202(2) was intended to be qualified by the amendment of ORS 656.313.

Affirmed.