On petitioner's reconsideration filed August 26, reconsideration granted; former opinion filed July 28 (58 Or App 389, 650 P2d 1097) modified to reverse and remand for reimbursement of the cost of claimant's water bed; former opinion adhered to in all other respects November 24, 1982

In the Matter of the Compensation of
Shirley Gordon (now Lindsey), Claimant.

LINDSEY,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(No. 79-10162, CA A23576)

653 P2d 1019

Kenneth H. Colley and Colley & Colley, Corvallis, for petition.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this workers' compensation case, claimant, a retail employe who injured her back in a fall at her employer's pet store, originally appealed from a Workers' Compensation Board order and alleged three errors: (1) premature closure of her claim, (2) inadequate award of permanent partial disability and (3) failure to order that she be reimbursed for the cost of a water bed that her doctor had specifically prescribed for her. We affirmed without opinion. *Lindsey v. SAIF*, 58 Or App 389, 650 P2d 1097 (1982). She now seeks review by the Supreme Court. Treating her petition as one for reconsideration, ORAP 10.10, we grant reconsideration on the question of the water bed and order that claimant be reimbursed for it.

A general review of the facts would benefit neither bench nor bar. Suffice it to say that we are persuaded, on *de novo* review, that claimant's claim was not prematurely closed and that claimant has received an adequate permanent partial disability award for her injury. Our former opinion on those two aspects of the case is affirmed.

The water bed was prescribed by claimant's original treating doctor, Dr. McBride, who began treating claimant after her April 14, 1979, injury. He found that the injury was to the soft tissues and ruled out a fracture. SAIF accepted the claim. On July 15, 1979, during her course of treatment, McBride prescribed a water bed. She purchased the bed and reported the expense to SAIF; SAIF refused to pay.

McBride's prescription for the water bed said, simply,

"Water bed for correction of low back condition."

Reimbursement for prescribed items such as the water bed is required by ORS 656.245(1), which provides:

"(1) For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical,

hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic applicances, braces and supports and where necessary, physical restorative services. The duty to provide such medical services continues for the life of the worker."

The referee found that McBride's prescription was sufficient and ordered SAIF to reimburse claimant for its cost. The Board reversed on this issue, stating:

"We find Dr. McBride's 'prescription' is insufficient under OAR 436-69-335 which requires a *medical report* which *clearly justifies the need* for articles of household furniture such as a bed * * *." (Emphasis in original.)

Assuming without deciding that the Board's interpretation of the rule's requirements is correct, the Board's ruling is nonetheless incorrect, because the rule in question was not promulgated until February 1, 1980, which was subsequent to the date of the prescription. We will not apply the rule retroactively. *See SAIF v. Mathews,* 55 Or App 608, 612, 639 P2d 668 (1982).

Having established that the *rule* does not defeat claimant's claim, we need note further only that we find the prescription to have been justified and hold, as did the referee, that SAIF must reimburse claimant for the cost of the water bed.

Petition for reconsideration granted; former opinion modified to reverse and remand for reimbursement of the cost of claimant's water bed; former opinion adhered to in all other respects.