Argued and submitted September 20, reversed; referee's order reinstated December 1, 1982, reconsideration denied February 4, petition for review denied March 1, 1983 (294 Or 569)

In the Matter of the Compensation of
Robert O. Barrett, Claimant.

BARRETT,
*Petitioner,*

*v.*

UNION OIL DISTRIBUTORS,
*Respondent.*

(WCB No. 79-09096, CA A24711)

654 P2d 668

Richard T. Kropp, Albany, argued the cause for petitioner. With him on the brief was Emmons, Kyle, Kropp & Kryger, P.C., Albany.

Brian L. Pocock, Eugene, argued the cause for respondent. With him on the brief was Cowling, Heysell & Pocock, Eugene.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant appeals an order of the Workers' Compensation Board that reversed the referee's order that the employer's insurer accept his claim for aggravation of an earlier compensable injury. Without reaching the merits, the board concluded that claimant's aggravation claim was not timely filed. We disagree and reverse.

Claimant was injured in 1973. His claim was closed, and after a hearing and board review in 1974, he was granted 25 percent unscheduled disability. In the following years he complained of increased pain and disability. In December, 1978, he sent a letter to the employer's insurer, stating that he was experiencing "further problems" with his industrial injury and requesting that his claim be reopened.

At the time of his injury, former ORS 656.271(1) provided:

> "* * * The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim * * *."

The requirement for a doctor's opinion accompanying an aggravation claim was eliminated in 1975. ORS 656.273 provides in pertinent part:

> "(7)  A request for hearing on any issue involving a claim for aggravation must be made to the department in accordance with ORS 656.283. Adequacy of the physician's report is not jurisdictional. If the evidence as a whole shows a worsening of the claimant's condition the claim shall be allowed."

In interpreting ORS 656.273, we have said:

> "As we interpret this statute, a claimant may make a 'claim for aggravation' under subsection (2) *or alternatively,* a physician may submit a report, which is a 'claim for aggravation' under subsection (3) * * *." *Stevens v. Champion International,* 44 Or App 587, 589, 606 P2d 674 (1980).

The referee concluded that claimant's aggravation claim had been filed properly under the new statute and that the substantial medical evidence in claimant's favor merited overturning the insurer's denial and ordering payment of benefits. The employer appealed only on the merits

of the aggravation claim, not the procedural aspects of the claim filing. The board, however, chose to apply the earlier procedural statute. It reasoned that claimant's letter to the insurer, unaccompanied by a physician's report, was an invalid aggravation claim. It therefore reversed the referee.

■ ■　The initial question on review is whether the board applied the correct statute. Fundamental fairness dictates that the board should not decide a claim on the basis of evidence not in the record or on issues not briefed before it. *Neely v. SAIF*, 43 Or App 319, 323, 602 P2d 1101 (1979), *rev den* 288 Or 493 (1980). This issue presents only a question of law, however. The facts contained in the record on this point are not in dispute. No need exists to remand the case when all the evidence on that issue is in the record. The board's *de novo* review is on the record submitted before it, as is ours. *Neely v. SAIF, supra.*

■　We have not yet ruled on the retroactive effect, if any, of ORS 656.273. Generally, statutes or regulations that say nothing about retroactive application are not applied retroactively if such a construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions. *Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 539 n 1, 577 P2d 477, *cert den* 439 US 1051 (1978); *Joseph v. Lowery,* 261 Or 545, 547, 495 P2d 273 (1972). ORS 656.202(2) provides special legislative guidance in the field of workers' compensation:

> "Except as otherwise provided by law, payment of benefits for injuries or death under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the right to compensation occurred."

■　ORS 656.202(2) is not, however, an absolute proscription against retroactive application of workers' compensation statutes. It is generally applied to deny retroactive application of legislation that alters the amounts and availability of benefits under the act. *See, e.g., SAIF v. Mathews,* 55 Or App 608, 639 P2d 668, *rev den* 292 Or 825 (1982); *Bradley v. SAIF,* 38 Or App 559, 590 P2d 784, *rev den* 287 Or 123 (1979); *Holmes v. SAIF,* 38 Or App 145, 589 P2d 1151 (1979).

■     In determining whether statutes should have retroactive effect, we have distinguished between statutes relating "to eligibility for coverage" and those relating to "whether and when a claim can be made in situations where coverage exists," the latter but not the former being applied retroactively. *Miner v. City of Vernonia,* 47 Or App 393, 398, 614 P2d 1206, *rev den* 290 Or 149 (1980). In *State ex rel Huntington v. Sulmonetti,* 276 Or 967, 557 P2d 641 (1976), the Supreme Court gave the benefit of a procedural change in a workers' compensation statute governing timely filing of a request for hearing to a claimant whose first claim for the same injury had already been decided adversely to him as untimely under the previous version of the statute. In *Holden v. Willamette Industries,* 28 Or App 613, 560 P2d 298 (1977), we held that an amendment to ORS 656.807(1), which increased the period for filing occupational disease claims from three to five years from the date of last exposure and which became effective after claimant's first claim on his exposure had been held untimely, could be applied retroactively to allow claimant to file another claim:

> "The most fundamental reason to extend the limitation, however, is that the most apt application of the policy of the law that the Workmen's Compensation Act is to be liberally construed for the benefit of the worker, is to the construction of a statute which is silent or ambiguous as to its retroactive effect upon workers' claims. Therefore, we construe the amended version of ORS 656.807(1) to allow consideration of claims filed within five years of last exposure which existed on October 5, 1968, or thereafter." *Holden v. Willamette Industries, supra,* 28 Or App at 618. (Footnote omitted.)

■     Support for applying the 1975 statute is found in the fact that a claim for aggravation, unlike a request for continuing medical services, is generally treated as a new claim. ORS 656.273(6). A claimant's request for aggravation benefits is not granted automatically. The claimant must prove a worsened condition, a direct and compensable correlation to the previous compensable injury, and the absence of any intervening injuries or contributive exposures. Like a claim for new injury, a claimant has a strict time limit in which to file an aggravation claim and specific statutory requirements that the substance of the

claim must meet before it is deemed properly filed. If a compensable worsening is found, the claim will ordinarily be processed as an initial claim and a new determination order issued when the claimant has become medically stationary.

■ We conclude that this claim for aggravation of a previous compensable injury should be processed under the statutory procedure in effect at the time the claim was made. *Cf. Thornsberry v. SAIF,* 57 Or App 413, 644 P2d 661 (1982). Claimant's letter to his employer's insurer suffices as a timely claim for aggravation rights. ORS 656.273.

■ On the merits, without reiterating the evidence that supports claimant's claim, we conclude that the medical evidence establishes that claimant's condition has worsened since his last arrangement of compensation. We also find no merit to the employer's contention that intervening activities materially contributed to claimant's worsened condition.

The referee's order to employer's insurer to accept the claim and to pay compensation as authorized by law until closure is reinstated. ORS 656.268.

Reversed; referee's order reinstated.