Argued and submitted March 25, reversed and remanded October 5, 1983

In the Matter of the Compensation
of Max Madden, Claimant.

MADDEN,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(WCB No. 80-03372; CA A25475)

669 P2d 1158

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel, SAIF Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant appeals an order of the Workers' Compensation Board, that denied him penalties and attorney fees for SAIF's delay in paying bills for medical services. We reverse.

Claimant sustained a compensable injury to his back on June 15, 1979. After a period of conservative treatment, Dr. Smith performed a myelogram and determined that he would benefit from surgery. Dr. Miller later examined him, performed a second myelogram and also recommended surgery. On November 20, 1980, Dr. Smith reported to SAIF that claimant would benefit from surgery. On November 21, 1980, SAIF notified claimant that he was to see Orthopaedic Consultants on December 1, 1980. On November 26, 1980, Dr. Smith notified SAIF that Dr. Miller had agreed with his diagnosis and that surgery would be performed on December 1, 1980. Claimant chose to undergo the surgery rather than wait until after Orthopaedic Consultants' examination. The surgery was a success.

On February 9, 1981, SAIF reported to the medical director that Dr. Smith had apparently violated the medical rules concerning SAIF's right to an independent medical evaluation. On May 11, 1981, SAIF notified St. Vincent's Hospital that it would not pay the bill, because "treatment was for a condition not accepted by SAIF." In addition to the bills of Dr. Smith and the hospital, SAIF refused to pay physical therapy bills, radiology bills and all other bills generated from November, 1980, on. Claimant requested a hearing. At the hearing, SAIF stated that it had not "denied the compensability of the medical treatment"; it defended the nonpayment of the medical bills only by arguing that Dr. Smith had prevented it from obtaining an independent evaluation. The referee ruled that, pending resolution of SAIF's complaint before the medical director, SAIF was responsible to pay all of the vendors other than Dr. Smith. The referee awarded a 20 percent penalty against SAIF for its unreasonable refusal to pay the medical bills. The Board reversed the referee and held that SAIF was required to pay for all of the medical services provided, including those of Dr. Smith, but refused to award penalties or attorney fees. Claimant has appealed to this court, claiming that penalties and attorney fees should have been awarded.

Three administrative rules which were in effect both at the time of the injury and at the time of SAIF's refusal to pay the medical benefits govern this case. OAR 436-69-130[1] required that an attending surgeon notify the insurer at least five days before the date of proposed surgery and give the insurer the right to require the surgeon recommending surgery to obtain an independent consultation.[2] OAR 436-69-210[3] provided that no medical examination requested by an insurer should delay or interrupt proper treatment of a claimant. OAR 436-69-510 provided for penalties that could be assessed if a complaint was filed with the director for violation of these provisions:

"If the medical director finds any violation of these rules involving reporting requirements, the medical director may recommend to the director, and the director may impose, one or more of the following sanctions:

"(a)  reprimand by the director;

---

[1] OAR 436-69-130 provided:

"(1) Determination for the need to perform elective surgery for occupational injury or illness is the responsibility of the attending surgeon, who shall notify the insurer at least five (5) working days prior to the date of the proposed surgery. Notification shall give the medical information that substantiates the need for surgery, and an estimate of surgical date.

"(2) When elective major orthopedic or neurologic surgery is recommended, the insurer may require the surgeon recommending surgery to obtain an independent consultation. The consultant shall submit a written report prior to the surgery. If a conflicting opinion of the condition exists that questions the need for surgery, the worker shall be referred to a second independent qualified consultant who is mutually agreeable to the attending physician and the insurer."

[2] OAR 436-69-130 was amended in 1982 after all of the relevant dates in this case to provide that the insurer has the right to choose the physician to perform the independent consultation.

[3] OAR 436-69-210 provides:

"(1) The Board, the Director, or insurer have the right to obtain medical examinations of the worker by physicians of their choice. The worker shall be notified of the purpose of the examination. Such examinations shall be at places, times, and intervals reasonably convenient to the worker, and shall not delay or interrupt proper treatment of the worker.

"(2) The person requesting the examination should consult with the attending physician and eendeavor to choose a mutually agreeable examiner. However, the selection of the examiner finally rests with the Board, the Department or insurer.

"(3) The person requesting the examination shall send a copy of the report to the treating physician."

"(b)   nonpayment or recovery of fees in part, or whole, for services rendered;

"(c)   referral to the appropriate medical licensing board; and/or

"(d)   civil penalty not to exceed $1,000, for each occurrence * * *."

The administrative rules established a procedure which required that medical services be paid pending the complaint until such time as the medical director should rule that sanctions should be imposed. That procedure was consistent with the version of ORS 656.313[4] then in effect, which required that medical bills be paid pending an appeal. Nothing in the statutes or in the administrative rules justifies a unilateral decision by an insurer to refuse to pay medical bills. Further, other than the convoluted reasoning presented by SAIF, there is certainly no justification based on a grievance against Dr. Smith for SAIF"s refusal to pay medical bills to the hospital and to all other medical providers. That is compounded by the fact that SAIF did not even accurately represent to the vendors the reason for its refusal, but specifically stated to the hospital that it had denied compensability of the claim, which, according to SAIF's attorney at the hearing, had never been the case.

The Board was clearly correct in holding that SAIF erred in refusing to pay the medical bills and in ordering SAIF to pay them. However, under all of the evidence, including the unambiguous nature of the statutes and administrative rules in effect at that time and the misrepresentation of SAIF to the

---

[4] ORS 656.313 provided:

"(1)  Filing by an employer or the State Accident Insurance Fund of a request for review or court appeal shall not stay payment of compensation to a claimant.

"(2)  If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal."

On October 3, 1979, changes in the law became effective (Or Laws 1979, ch 673, § 4) which provide that "compensation" does not include medical services required to be paid pending appeal. This court has held that that change does not apply retroactively to claimants who were injured prior to the effective date of the statute. *SAIF v. Matthews,* 55 Or App 608, 639 P2d 668, *rev den* 292 Or 825 (1982).

hospital, SAIF was unreasonable in its refusal to pay the medical bills. Claimant is entitled to penalties and attorney fees under ORS 656.262(9).[5]

Reversed and remanded for determination of penalties and attorney fees.

---

[5] ORS 656.262(9) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."