Argued and submitted July 18, reversed and remanded for further proceedings
November 12, 1986

In the Matter of the Compensation of
Thomas E. Woodward, Claimant.

WOODWARD,
*Petitioner,*

*v.*

C & B LOGGING et al,
*Respondents.*

(WCB 84-08962; CA A37561)

728 P2d 51

James L. Edmunson, Eugene, argued the cause for the petitioner. With him on the brief was Malagon & Moore, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for the respondents. With him on the brief were Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warren and Deits, Judges.

WARREN, J.

### WARREN, J.

Claimant seeks review of a Workers' Compensation Board order holding that he is not permanently and totally disabled, setting the period of time loss and holding that a June, 1979, stipulation establishes the commencement date for making future aggravation claims. The primary issue is whether the Board had the authority in 1979 to close a claim before the issuance of a determination order from the Evaluation Division (Division). We conclude that, in 1979, a determination order by the Division was a condition precedent to claim closure and, therefore, reverse.

In order to resolve the issue raised by this appeal, it is necessary to set forth the procedural history at some length. Claimant suffered a back injury in July, 1977. On February 2, 1979, a determination order was issued, granting him 35 percent unscheduled disability and temporary total disability through January 23, 1979. On February 8, 1979, SAIF requested that the Division "cancel" that determination order. On February 9, 1979, claimant requested a hearing, claiming, *inter alia,* that he was not medically stationary. On March 2, 1979, the Division set aside its February order.

In June, 1979, claimant and SAIF entered into a stipulation, which was approved by a referee. It provided that claimant was entitled to 40 percent unscheduled disability and time loss from July 19, 1977, through May 2, 1979. It recited that the parties wished to avoid the necessity of having the claim closed and evaluated by the Division and that the stipulation would serve as the first determination order within the meaning of ORS chapter 656.

The claim was reopened on June 1, 1981, and closed by a determination order on July 17, 1984, which awarded claimant further permanent partial disability and time loss. In so doing, the Division refused to recognize the 1979 stipulation as providing the correct aggravation date and period of time loss.[1]

---

[1] The Division amended its July, 1984, determination order on August 16, 1984, to change the stated aggravation date from February 2, 1979, to July 17, 1984. This change was based on the Division's belief that it had validly rescinded its February 2, 1979, order. We do not reach the issue of whether the Division may rescind an order after a request for a hearing has been made, because the parties agreed in their 1979 stipulation that the February, 1979, order had been validly rescinded.

After a hearing requested by SAIF, the referee concluded that the 1979 stipulation was the first award of compensation, that the February, 1979, determination order was never validly rescinded and that the stipulation, therefore, operated as an amendment to that order. He affirmed the July, 1984, determination order as to the extent of permanent disability but amended the award of temporary total disability to run from June 29, 1981, to June 21, 1984. As a consequence, the date commencing the running of the period for aggravation claims was the date of the 1979 stipulation. The Board affirmed.

At the time the stipulation was signed, ORS 656.268(2) provided:

"When the injured worker's condition resulting from a disabling injury has become medically stationary * * * the State Accident Insurance Fund or direct responsibility employer shall so notify the Evaluation Division, the worker, and contributing employer, if any, and request the claim be examined and further compensation, if any, be determined. * * * If the attending physician has not approved the worker's return to his regular employment, the fund or direct responsibility employer must continue to make temporary total disability payments until termination of such payments is authorized following examination of the medical reports submitted to the Evaluation Division under this section."

Similarly, ORS 656.708(2) provided:

"The Evaluation Division is created within the department. The division has the responsibility for initially evaluating claims for compensable injuries, determining the extent of disability resulting therefrom and prescribing the amount of benefits awarded therefor."

The law in effect at the time of the stipulation clearly delegated the initial responsibility of evaluating claims and determining compensation awards to the Division. SAIF contends, however, that we should apply the law as it was at the time of the injury, which provided for claim closure by the Board.[2] We disagree.

---

[2] At the time of the injury, ORS 656.268(2) provided:

"When the injured workman's condition resulting from a disabling injury has become medically stationary, and he has completed any authorized program of vocational rehabilitation, or has failed or refused to cooperate in an authorized

SAIF primarily relies on *SAIF v. Mathews,* 55 Or App 608, 612, 639 P2d 668, *rev den* 292 Or 825 (1982), where we held that a 1979 statutory amendment should not be applied retroactively so as to control the resolution of a 1973 claim. We relied on ORS 656.202(2), which provides:

> "Except as otherwise provided by law, payment of benefits for injuries or deaths under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the right to compensation occurred."

We have held repeatedly, however, that ORS 656.202(2) only applies to statutory changes which affect a claimant's substantive rights to and the amount of compensation. *See Argonout Insurance Companies v. Eder,* 72 Or App 54, 56, 695 P2d 72 (1985); *Barrett v. Union Oil Distributors,* 60 Or App 483, 486, 654 P2d 668 (1982), *rev den* 294 Or 569 (1983). The amendment to ORS 656.268(2) placing responsibility for claim closure in the Evaluation Divison does not affect those rights, and ORS 654.202(2) is, therefore, inapplicable.

We conclude that the procedure for claim closure that existed when the stipulation was made should have been followed. Accordingly, the stipulated determination order was invalid. The claim was not properly closed until July 17, 1984.[3]

Reversed and remanded to the Board for further proceedings not inconsistent with this opinion.

---

vocational rehabilitation program, the State Accident Insurance Fund or direct responsibility employer shall so notify *the board,* the workman, and contributing employer, if any, and request the claim be examined and further compensation, if any, be determined. * * * If the attending physician has not approved the workman's return to his regular employment, the fund or direct responsibility employer must continue to make temporary total disability payments until termination of such payments is authorized following examination of the medical reports submitted to *the board* under this section." (Emphasis supplied.)

[3] Claimant also contends that he is totally and permanently disabled or, at least, more disabled than the 60% unscheduled disability he received. On *de novo* review we conclude that the award of compensation is appropriate.