Argued and submitted October 20, 1986, reversed and remanded in part; otherwise
affirmed January 28, 1987

In the Matter of the Compensation of
Adelie M. Webb, Claimant.

WEBB,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 83-00463; CA A37873)

731 P2d 1054

Stephen Behrends, Eugene, argued the cause and filed the brief for petitioner.

Christine Chute, Assistant Attorney General, Salem,

argued the cause for respondent SAIF Corporation. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Soliciter General, Salem.

No appearance for respondent Douglas County Lumber Co.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant seeks review of a Workers' Compensation Board order denying him medical benefits and penalties and attorney fees for SAIF's alleged wrongful denial of compensation.

Claimant, a log truck driver, suffered a compensable back injury on July 9, 1979, when he fell while throwing a wrapper over a load of logs. The injury was diagnosed as a pulled muscle or strain, and SAIF accepted the claim as nondisabling on August 6, 1979. Claimant's back pain continued intermittently. In April, 1980, a doctor reported that he was suffering from pain due to degenerative changes in his back which were not related to the injury. In May, 1980, SAIF denied claimant's request to reopen the claim. SAIF also denied an aggravation claim on August 27, 1981, stating that the symptoms were related to his noncompensable preexisting osteoarthritis. Claimant requested a hearing.

Dr. Allcott began treating claimant in June, 1981. In a report of September 2, 1981, he described two distinct conditions: 1. recurrent low back syndrome secondary to industrial muscle strain; 2. underlying osteoarthritis. Allcott concluded that the symptoms were caused by both conditions.

On October 22, 1981, the referee approved a disputed claim settlement. The agreement is confusing and vague. Claimant agreed to withdraw his hearing request. SAIF expressly withdrew its August 27, 1981, denial of the aggravation claim and reissued it as a partial denial relating only to the underlying osteoarthritic condition. SAIF expressly accepted conditions described by Allcott as "low back syndrome" and strained muscles and agreed to pay medical bills related to them. SAIF also agreed to pay claimant $6,500 in settlement of the disputed claim but not as an acceptance of the osteoarthritis or a hernia claim which was then also pending nor as time loss associated with the aggravation claim. We view SAIF's acceptance of the aggravation claim with regard to the low back syndrome as a reopening of the claim.

On December 3, 1982, SAIF issued a letter denying an "aggravation claim" and further medical treatment, because the treatment was related to osteoarthritis and not to the

compensable back condition.[1] Claimant requested a hearing. On April 16, 1984, the referee convened the hearing but then postponed it, because the 1979 claim had never been closed; the referee believed that it was unnecessary for claimant to seek benefits by way of an aggravation claim while the claim was still open.

On April 26, 1984, SAIF issued a notice of closure which stated that medical treatment had been completed and that there were "no temporary total disability benefits due as a result of" the 1979 injury. At the reconvened hearing on December 13, 1984, claimant asked that the back claim be reopened, because he had permanent disability as a result of the 1979 injury. He also asked for medical benefits and benefits for temporary total disability from the date of the denial of December 3, 1982. He sought penalties and attorney fees for SAIF's refusal to pay medical benefits after that date and for its alleged improper closure of the claim on April 26, 1984.

The referee concluded that there was evidence of permanent disability and agreed that the claim had been improperly closed. He determined that claimant was not entitled to temporary total disability from the date of the denial, however, because he had retired before that time. He also denied medical benefits, because the evidence did not persuade him that claimant's medical treatment was related to the compensable injury. He awarded no penalties, but did award attorney fees for prevailing on the claim closure issue.

The Board reversed the referee in part, holding that claimant could not challenge claim closure initially at a hearing, but had first to seek a determination order from the Evaluation Division as required by ORS 656.268(3).[2] The

---

[1] There is no document separately identifiable as an aggravation claim.

[2] ORS 656.268 provides, in part:

"(2) When the injured worker's condition resulting from a disabling injury has become medically stationary, unless the injured worker is enrolled and actively engaged in training, the insurer or self-insured employer shall so notify the Evaluation Division, the worker, and the employer, if any, and request the claim be examined and further compensation, if any, be determined. A copy of all medical reports and reports of vocational rehabilitation agencies or counselors shall be furnished to the Evaluation Division and to the worker and to the employer, if requested by the worker or employer. If the attending physician has not approved the worker's return to the worker's regular employment, the insurer

Board also reversed the award of attorney fees related to that issue. The Board agreed with the referee that the medical evidence did not support the conclusion that claimant's treatment and disability were related to the 1979 injury. Claimant now seeks reversal of the Board's order with regard to his entitlement to medical benefits from December 3, 1982, the date of the denial, to April 26, 1984, the date when the claim was closed, and the related award of penalties and attorney fees. We conclude that he is entitled to the relief he seeks.

The first referee incorrectly concluded that the 1979 back claim had to be formally closed. SAIF had accepted it as nondisabling, and at the time of the injury no statute required closure of a claim for a nondisabling injury. (ORS 656.268(3), which requires carrier closure of a nondisabling claim, became effective on January 1, 1980. Or Laws 1979, ch 839, §§ 4(3) and 33.) In their settlement, however, the parties agreed that

---

or self-insured employer must continue to make temporary total disability payments until termination of such payments is authorized following examination of the medical reports submitted to the Evaluation Division under this section. If the attending physician has approved the worker's return to the worker's regular employment and there is a labor dispute in progress at the place of employment, the worker may refuse to return to that employment without loss of any vocational assistance provided by this chapter.

"(3) When the medical reports indicate to the insurer or self-insured employer that the worker's condition has become medically stationary and the insurer or self-insured employer decides that the claim is disabling but without permanent disability, the claim may be closed, without the issuance of a determination order by the Evaluation Division. The insurer or self-insured employer shall issue a notice of closure of such a claim to the worker and to the Workers' Compensation Department. The notice must inform the worker of the decision that no permanent disability results from the injury; of the amount and duration of temporary total disability compensation; of the right of the worker to request a determination order from the Evaluation Division within one year of the date of the notice of claim closure; of the aggravation rights; and of such other information as the director may require. Within one year of the date of the notice of such a claim closure, a determination order subsequently shall be issued on the claim at the request of the claimant or may be issued by the Evaluation Division upon review of the claim if the division finds that the claim was closed improperly. If an insurer or self-insured employer has closed a claim pursuant to this subsection and thereafter decides that the claim has permanency, the insurer or self-insured employer shall request a determination order as provided in subsection (2) of this section. If an insurer or self-insured employer has closed a claim pursuant to this subsection, if the reasonableness of that closure decision is at issue in a hearing on the claim and if a finding is made at the hearing that the closure decision was not supported by substantial evidence, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be owing between the date of original closure and the date upon which the claim is closed by determination order. The penalty shall not be less than $500."

claimant's *aggravation claim* for the low back syndrome was compensable. Whether that condition was disabling or not, the claim was subject to provisions for claim closure. ORS 656.268(2) or (3). *See Woodward v. C & B Logging,* 82 Or App 274, 728 P2d 51 (1986). SAIF's December 3, 1982, denial circumvented the closure process by attempting to terminate SAIF's future responsibility for the claim before the extent of the accepted condition had been determined. *Roller v. Weyerhaeuser Co.,* 67 Or App 583, 679 P2d 341, *amplified* 68 Or App 743, 683 P2d 654, *rev den* 297 Or 601 (1984).

We conclude that SAIF could not terminate its responsibility in that fashion and that its obligation to pay medical benefits continued until the date of closure. We also conclude that the denial was unreasonable in the light of the medical evidence in existence at the time, which indicated that claimant's medical treatment was related to the accepted low back condition. Claimant is entitled to penalties and attorney fees for the unreasonable denial. In all other respects, we affirm the Board's opinion.

Reversed and remanded for payment of medical benefits from December 2, 1982, to April 26, 1984, and for the award of penalties and attorney fees. In all other respects the Board is affirmed.