Argued and submitted March 13, affirmed May 22, 1991

In the Matter of the Compensation of
M. Glenn Wardell, Claimant.

M. Glenn WARDELL,
*Petitioner,*

*v.*

SMURFIT NEWSPRINT
and Hartford Insurance,
*Respondents.*

(WCB Nos. 88-17934, 89-02546, 89-03291;
CA A66221)

812 P2d 21

David L. Johnstone, Portland, argued the cause for petitioner. With him on the brief was Bennett & Durham, Portland.

Deborah L. Sather, Portland, argued the cause for respondent Smurfit Newsprint. With her on the brief were Frank Moscato and Cooney, Moscato & Crew, P.C., Portland.

Robert E. L. Bonaparte, Portland, argued the cause for respondent Hartford Insurance. On the brief were Stephen R. Frank, Matthew K. Rossman and Tooze Shenker Holloway & Duden, Portland.

Before Buttler, Presiding Judge, and Edmonds and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee and holding that he is not entitled to additional benefits for compensable hearing loss.

In September, 1982, claimant filed a claim for hearing loss. Employer accepted the claim, and claimant received an award for 16.91% binaural hearing loss, resulting from 16.75% hearing loss in the right ear and 18% hearing loss in the left ear. In July, 1988, claimant filed a second claim for hearing loss, contending that his hearing had worsened since the first award. Employer denied the claim. The Board found that claimant's work environment had not changed over the years and that his off-the-job exposure to noise was insignificant.

Claimant had an audiogram in October, 1988, which showed that hearing loss in his right ear has increased to 22.25%. Nevertheless, taking into account normal hearing loss due to age, claimant's *compensable* binaural hearing loss was only 16.78%, which is less than it was in 1982. On that basis, the Board concluded that claimant is not entitled to additional compensation. Claimant does not dispute that there is substantial evidence showing an improvement in his binaural hearing. He contends, however, that he is entitled to additional compensation on the basis of the worsening of hearing in his right ear alone.

Claimant did not argue the case in that manner to the referee. He did present the issue to the Board, and the parties have adequately briefed it here. Thus, we consider the question of whether a worker who has received an award for a binaural hearing loss is entitled to an award for a worsening of his hearing in one ear, although his compensable binaural hearing loss is slightly improved.

The method for calculating disability due to hearing loss is described in ORS 656.214(2):

"(f) For partial or complete loss of hearing in one ear, that percentage of 60 degrees which the loss bears to normal monaural hearing.

"(g) For partial or complete loss of hearing in both ears, that proportion of 192 degrees which the combined binaural

hearing loss bears to normal combined binaural hearing. For the purpose of this paragraph, combined binaural hearing loss shall be calculated by taking seven times the hearing loss in the less damaged ear plus the hearing loss in the more damaged ear and dividing that amount by eight. *In the case of individuals with compensable hearing loss involving both ears, either the method of calculation for monaural hearing loss or that for combined binaural hearing loss shall be used, depending upon which allows the greater award of disability.*" (Emphasis supplied.)

Claimant contends that, because his hearing has become worse in one ear, only that ear should be considered for the purpose of determining whether he has experienced an aggravation; that is, his claim should be treated as a claim for hearing loss in one ear, without regard to any hearing loss in the other ear. We conclude, however, that having once been compensated for hearing loss in both ears, claimant's hearing loss must be evaluated on the basis of both ears. The statute requires that claimant's total hearing disability be calculated under both the monaural method and the binaural method and that he be compensated according to the method that yields the greater award. As at the time of the original claim, the binaural formula produces the higher award but, under that formula, claimant's disability now is less than it was at the time of the original claim. He is not entitled to additional compensation.

Affirmed.