Argued and submitted November 18, 1991, affirmed March 11, reconsideration
denied June 24, petition for review allowed August 25, 1992 (314 Or 175)

In the Matter of the Compensation of
Ronald R. Buddenberg, Claimant.

Ronald R. BUDDENBERG,
*Petitioner,*

*v.*

SOUTHCOAST LUMBER
and SAIF Corporation,
*Respondents.*

(89-19242; CA A68896)

826 P2d 1062

Edward J. Harri, Salem, argued the cause for petitioner.
With him on the brief were Jon C. Correll and Malagon,
Moore & Johnson, Eugene.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of an order of the Workers' Compensation Board denying him increased permanent partial disability (PPD) benefits because of aggravation of a compensable injury. The issue is whether the aggravation claim is governed by the "guidelines"[1] in effect at the time of the last arrangement of compensation on May 6, 1987, or by the "standards"[2] in effect on September 18, 1989, the date of the determination order that rated the extent of disability for the worsened condition. We hold that the Board correctly applied the standards and affirm.

Claimant's feet were injured on June 6, 1981. His claim was closed on August 4, 1982. Under the guidelines then in effect, he was awarded 60 percent scheduled PPD for each foot. The claim was reopened four times, but the PPD award was maintained at 60 percent through the last arrangement of compensation on May 6, 1987.

■     In 1987, the legislature substantially amended the workers' compensation laws, and one of its goals was the reduction of costs. *Aetna Casualty Co. v. Aschbacher*, 107 Or App 494, 500, 812 P2d 844, *rev den* 312 Or 150 (1991). ORS 656.283(7) was amended by Or Laws 1987, ch 844, § 11, to include the underscored language:

> "Except as otherwise provided in this section and rules of procedure established by the board, the referee is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice. *The referee shall apply to the hearing of the claim such standards for evaluation of disability as may be adopted by the director pursuant to ORS 656.726. Nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present evidence at hearing and to establish by clear and convincing evidence that the degree of permanent disability suffered by the claimant is more or less than the entitlement indicated by the standards adopted by the director under ORS 656.726.*" (Emphasis supplied.)

---

[1] *See former* OAR 436-65-500 *et seq.*

[2] *See* OAR 436-35-001 *et seq.*

Effective July 1, 1988, the director promulgated new standards for the evaluation of a worker's permanent disability pursuant to ORS 656.726(3)(f).[3] *See* OAR 436-35-001 *et seq.* They were intended "to reflect the criteria for rating outlined in legislation adopted by the 1987 Legislature * * *." OAR 436-35-002. The standards replaced the guidelines and "applied to all claims closed after July 1, 1988." OAR 436-35-003.

After surgery in November, 1988, claimant claimed that his condition had worsened. He became medically stationary on August 21, 1989. On September 18, 1989, a determination order awarded him temporary total disability benefits but no additional PPD. The Board ruled that the disability had been correctly evaluated under the 1989 standards at 28 percent and that clear and convincing evidence adduced at the hearing proved that his disability exceeded 28 percent, but did not exceed the 60 percent previously granted. It awarded no PPD increase.

Claimant argues that, because his condition has worsened from its 1987 status, he is entitled to additional PPD benefits under ORS 656.273(1).[4]

---

[3] ORS 656.726(3) provides:

"The director [of the Department of Insurance and Finance] hereby is charged with duties of administration, regulation and enforcement of ORS 654.001 to 654.295, 654.750 to 654.780 and this chapter. To that end the director may:

"* * * * *

"(f) Provide standards for the evaluation of disabilities. The following provisions apply to the standards:

"(A) The criteria for evaluation of disabilities under ORS 656.214(5) shall be permanent impairment due to the industrial injury as modified by the factors of age, education and adaptability to perform a given job.

"(B) Impairment is established by a preponderance of medical evidence based upon objective findings.

"(C) When, upon reconsideration of a determination order or notice of closure pursuant to ORS 656.268, it is found that the worker's disability is not addressed by the standards adopted pursuant to this paragraph, notwithstanding ORS 656.268, the director shall stay further proceedings on the reconsideration of the claim and shall adopt temporary rules amending the standards to accommodate the worker's impairment. When the director adopts temporary rules amending the standards, the director shall submit those temporary rules to the Workers' Compensation Management-Labor Advisory Committee for review at their [sic] next meeting."

[4] ORS 656.273(1) provides, in part:

■ ■     We decline claimant's invitation to construe ORS
656.273(1) to create an unqualified right to additional com-
pensation for a worsened condition, because that would
require us to ignore the 1987 amendment. Our task is to
interpret statutes to give effect to the legislature's intention.
*Aetna Casualty Co. v. Aschbacher, supra,* 107 Or App at 499.
The 1987 amendment to ORS 656.283(7) required the Board
to evaluate aggravation claims under the director's stan-
dards, which in this case are less generous than the former
guidelines. A worker is entitled to additional compensation
under ORS 656.273(1) only if the worsened condition
increases the extent of disability as defined in the standards.

Claimant argues that the "Board's method is
unprecedented, and the ramifications [are] far-reaching."
However, in *Wardell v. Smurfit Newsprint,* 107 Or App 358,
812 P2d 21 (1991), we held that the Board correctly decided a
claim for increased disability compensation by evaluating a
worsened condition under standards in effect when the
alleged worsening occurred. The Board analyzed this claim
similarly. *See also Barrett v. Union Oil Distributors,* 60 Or
App 483, 488, 654 P2d 668 (1982), *rev den* 294 Or 569 (1983).
If the Board's analysis produces undesirable consequences,
the solution must come from the legislature.

Affirmed.

---

"After the last award or arrangement of compensation, an injured worker is
entitled to additional compensation, including medical services, for worsened
conditions resulting from the original injury."