Argued and submitted January 7, decision of the Court of Appeals affirmed
May 6, 1993

In the Matter of the Compensation of
Keith T. Johnson, Claimant.

Keith T. JOHNSON,
*Petitioner on Review,*

*v.*

HELI-JET CORPORATION
and SAIF Corporation,
*Respondents on Review.*

(WCB 90-12901; CA A70738, SC S39347)

850 P2d 364

Jon C. Correll, of Malagon, Moore, Johnson, Jensen & Correll, Eugene, argued the cause and filed the petition for petitioner on review.

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause and filed the response for respondents on review. With him on the response were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

## GILLETTE, J.

In this workers' compensation case, claimant seeks review of an order of the Workers' Compensation Board that denied him additional permanent partial disability benefits on his aggravation claim. The Court of Appeals affirmed the Board's denial. *Johnson v. Heli-Jet Corp.*, 112 Or App 323, 827 P2d 209 (1992). We also affirm.

Claimant suffered a compensable injury to his right knee on December 10, 1983. In March 1986, under the guidelines for evaluation of disability then in effect, claimant was awarded compensation for 30 percent scheduled permanent partial disability (PPD). In April 1988, the parties stipulated to an additional award of 15 percent PPD, for a total of 45 percent scheduled PPD.

In July 1989, claimant filed a claim for aggravation, contending that the condition of his right leg had worsened. His condition became medically stationary in May 1990, and the following month the employer's workers' compensation insurance carrier sent to claimant a notice of closure awarding claimant temporary total disability benefits and temporary partial disability benefits but no additional scheduled PPD benefits. Claimant requested a hearing.

A referee affirmed the denial of additional scheduled PPD benefits. The referee found that claimant's condition had, in fact, worsened since April 1988. Nevertheless, applying the standards for evaluation of disability in effect when the notice of closure issued, the referee determined that the extent of claimant's right leg disability was 17 percent. Because that disability rating did not exceed the 45 percent determined earlier under the guidelines, the referee held that claimant was not entitled to increased compensation.

On review of the referee's order, the Workers' Compensation Board affirmed without further comment or analysis. On judicial review of the Board's order, the Court of Appeals affirmed *per curiam*, citing *Buddenberg v. Southcoast Lumber*, 112 Or App 148, 826 P2d 1062 (1992). *Johnson v. Heli-Jet Corporation, supra*, 112 Or App at 323. We allowed review in this case and in *Buddenberg* to address the argument that the Director of the Department of Insurance and Finance (the Director) exceeded his statutory authority in

adopting the standards for the evaluation of disability applied in these cases.

 Claimant argues that, because he proved that he now suffers from a worsened condition resulting from his original injury, he has a statutory right under ORS 656.273(1) to additional compensation.[1] According to claimant, the Director exceeded his statutory authority in adopting evaluation standards that compromised this right by denying claimant additional scheduled PPD benefits. In *Buddenberg v. Southcoast Lumber*, 316 Or 180, 850 P2d 360 (1993), we confronted an identical argument. In that case we held that ORS 656.723(1) alone does not entitle an injured worker to any particular *type* of compensation, such as PPD benefits. We further held that ORS 656.273(1) does not require the Director to adopt, and that the Director did not exceed his statutory authority by not adopting standards that included a special procedure for evaluating aggravation claims that treated any earlier PPD award as a "baseline." Those holdings are dispositive here.

The decision of the Court of Appeals is affirmed.

---

[1] In part, ORS 656.273(1) provides:

"After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."